## MARSHALL v. BURTIS.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 118. Submitted January 10, 1899. — Decided January 30, 1899.

As there was no finding of facts by the courts below, and no statement of facts in the nature of a special verdict, this court must assume that the judgment of the court below was justified by the evidence, and affirm the judgment of the Supreme Court.

THE case is stated in the opinion.

*Mr. L. E. Payson* for appellant.

*Mr. A. H. Garland* and *Mr. R. C. Garland* for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a suit to quiet title to a lot in the city of Phœnix, Arizona, described as lot 8 in block 1 in Neahr's addition to said city. The appellee was plaintiff in the court below and the appellant was defendant, and we shall so designate them.

The plaintiff alleged that he was in possession as owner in fee, deriving it from one Friday Neahr, commonly known as Mary F. Neahr, an unmarried woman, over twenty-one years of age, by a deed dated October 14, 1892. That the defendant, contriving to defraud him (the plaintiff) and cloud his title to the property, induced said Friday Neahr, by false and fraudulent pretences, and without consideration, to sign and acknowledge an instrument in writing, the contents of which were unknown to her, which instrument was a conveyance to him from her of the property, and in which she was induced to fraudulently state that she was not of lawful age when she executed the deed to the plaintiff, and that said instrument was recorded in the office of the county recorder of Maricopa County, "all to the great injury of this plaintiff in the sum of five thousand dollars." Judgment was prayed that the instrument to Marshall be delivered up and cancelled, and that plaintiff have damages in the sum of five thousand dollars, and for general relief.

The answer admits that Friday M. Neahr was seized in fee of the property, and executed a deed therefor to the plaintiff, and that he entered into and was in possession thereof, and that he (the defendant) obtained a deed therefor on the 25th day of October, 1894.

The answer puts in issue all other averments, and alleges by way of cross complaint that when Friday M. Neahr executed the deed to plaintiff she was under twenty-one years, to

wit, nineteen years, which plaintiff knew. That Friday M. Neahr derived the property from her father by a deed of gift, in which it was expressly provided and limited that she should have no power of disposition of said premises until she arrived at the age of twenty-one years, which plaintiff knew. That she attained the age of twenty-one on the 7th of September, 1894, and on the 24th of October, 1894, she "executed, acknowledged and delivered to this defendant, for a valuable consideration, then and there paid to her by the defendant, a deed of conveyance in writing, with full covenants of seisin and warranty, conveying to this defendant the lands and premises described in the plaintiff's complaint herein, and therein and thereby said Friday M. Neahr expressly revoked and disaffirmed the aforesaid attempted conveyance of said premises to the plaintiff, and this defendant thereupon became, ever since has been, and now is the lawful owner of said premises and the whole thereof, and entitled to possession thereof; that said plaintiff has no right, title, claim or interest whatsoever in said premises, and the claim of the plaintiff to ownership thereof is without foundation and against the rights of this defendant, and is a cloud upon the title of this defendant to the said premises." Wherefore the defendant prayed that the deed to plaintiff be declared invalid and he be enjoined from setting up any claim to the property, and that defendant be adjudged the owner.

A trial was had on these issues before the court without a jury, and judgment was given for the plaintiff.

The judgment recited that —

"Evidence upon behalf of the respective parties was introduced and the cause was submitted to the court for its consideration and decision, and, after due deliberation, the court orders that plaintiff have judgment.

"Wherefore, by reason of the law and the premises aforesaid, it is ordered, adjudged and decreed that the plaintiff Peter T. Burtis is the owner of the following described real estate, situate in Maricopa County, Arizona Territory, to wit,

(Describing it);

and that said defendant Norton Marshall is not the owner of

said lot number eight (8), in block number one (1), of Neahr's addition or of any part thereof, and that the deed of said premises heretofore executed by Friday Mary Neahr to said Norton Marshall, of date October —, 1894, and recorded on the 29th day of October, 1894, in book 37 of deeds, page 55, in the office of the county recorder of said county of Maricopa, is invalid and of no effect, and the same is hereby annulled and cancelled, and the said defendant Norton Marshall has acquired no claim, title or right by virtue of said deed in or to the premises described therein, to wit, said lot number eight (8), in block number one (1), of said Neahr's addition to the city of Phœnix, and said defendant is hereby forever restrained and enjoined from asserting any claim or title to said premises or any part thereof by virtue of said deed.

" And it is further ordered, adjudged and decreed that said defendant Norton Marshall take nothing by his cross-complaint filed herein, and that said plaintiff Peter T. Burtis do have and recover of and from the said defendant Norton Marshall his costs and disbursements herein, taxed at $53.30."

A motion for a new trial was made and denied, and an appeal was then taken to the Supreme Court of the Territory, which affirmed the judgment of the district court. To review the judgment of the Supreme Court this appeal is prosecuted.

There are fourteen assignments of error, some of which attribute error to the judgment, some to the supposed finding of the court of the validity of the deed to plaintiff and invalidity of that to defendant, and assigning ownership of the property to the former and non-ownership to the latter. The second and third assignments of error are as follows :

" 2. The said court erred in refusing to sustain the errors assigned on the appeal to it from the district court.

" 3. The said court erred in refusing to reverse the said cause for the errors of the district court assigned."

Adverting to the errors assigned on appeal to the district court, those which were based on the action of the court other than the judgment were in refusing a new trial and "generally in admitting improper evidence offered by the

plaintiff, to which the defendant duly objected and took exception, as appears fully in the bill of exceptions."

There is no other specification of error in the admission of testimony and there is no specification in the briefs as required by rule 21. *Lucas* v. *Brooks*, 18 Wall. 436; *Benites* v. *Hampton*, 123 U. S. 519. Indeed, error on admitting testimony is not urged at all and probably was not intended to be. The statement of counsel is:

" The errors assigned reach every possible phase of the case, and need not be specifically referred to here.

" The judgment appealed from, being general, requires an analysis of the case.

" The only possible questions may be said to be —

" 1. That Neahr was of full age when she made the deed to Burtis, October 14, 1892.

" 2. If not, that she failed to disaffirm within a reasonable time after attaining her majority.

" 3. That she ratified her deed to Burtis before deeding to Marshall and after attaining majority.

" 4. That she was estopped to disaffirm, by her own act, in averring her majority in executing the Burtis deed.

" 5. That she was bound to restore the consideration to Burtis before an effective disaffirmance.

" 6. That Marshall, knowing the prior deed to Burtis, could not take title to himself in October, 1894.

" The first three propositions present purely questions of fact, and upon this record it is impossible that the court below could have based its judgment upon an affirmance of either of the three.

" The last three propositions present solely questions of law, and these it is confidently submitted are only to be resolved in favor of appellant."

We are not required, therefore, to review the rulings of the district court on admission or rejection of testimony. Does the record present anything else for our determination? In *Idaho & Oregon Land Improvement Co.* v. *Bradbury*, 132 U. S. 509, this court said, by Mr. Justice Gray, that " Congress has prescribed that the appellate jurisdiction of this court over

'judgments and decrees' of the territorial courts, 'in cases of trial by juries shall be exercised by writ of error, and in all other cases by appeal;' and 'on appeal instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below,' and transmitted to this court with the transcript of the record. Act of April 7, 1874, c. 80, § 2, 18 Stat. 27, 28. The necessary effect of this enactment is that no judgment or decree of the highest court of a Territory can be reviewed by this court in matter of fact, but only in matter of law. As observed by Chief Justice Waite, 'We are not to consider the testimony in any case. Upon a writ of error we are confined to the bill of exceptions, or questions of law otherwise presented by the record; and upon an appeal, to the statement of facts and rulings certified by the court below. The facts set forth in the statement which must come up with the appeal are conclusive on us.' *Hecht* v. *Boughton,* 105 U. S. 235, 236." See also *Salina Stock Co.* v. *Salina Creek Irrigation Co.,* 163 U. S. 109; *Gildersleeve* v. *New Mexico Mining Co.,* 161 U. S. 573; *Haws* v. *Victoria Copper Mining Co.,* 160 U. S. 303; *San Pedro & Cañon Del Agua Co.* v. *United States,* 146 U. S. 120; *Mammoth Mining Co.* v. *Salt Lake Foundry and Machine Co.,* 151 U. S. 447.

There was no finding of facts by the district court or by the Supreme Court, hence no " statement of facts in the nature of a special verdict," and we must assume that the judgment of the district court was justified by the evidence, and the judgment of the Supreme Court sustaining it is

*Affirmed.*