COHN *v.* DALEY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 186. Argued and submitted April 4, 5, 1899. — Decided May 15, 1899.

For the reasons stated in the opinion of the court, it is precluded from looking at the so-called statement of facts, and when they are excluded from the record there is nothing left for review, and the judgment below is affirmed.

THE statement of the case will be found in the opinion of the court.

*Mr. Marcus A. Smith* for appellant submitted on his brief.

*Mr. James K. Redington* for appellee. *Mr. James Reilly* was on his brief.

MR. JUSTICE McKENNA delivered the opinion of the court.

This is an action to quiet title to certain mining claims in the Territory of Arizona.

The appellant was plaintiff in the court below, and the appellee was one of the defendants impleaded with A. J. Mehan, Dewitt C. Turner and Bell H. Chandler.

Appellant claims to derive title from one A. J. Mehan under an execution sale upon a judgment obtained by him against Mehan in one of the justices' courts of Cochise County, in said Territory, and a deed executed in pursuance of such proceedings and purchase.

The appellee denied the ownership of appellant, and asserted a superior right upon the following allegations: That on the 11th of April, 1890, and for more than five years before, she and one James Daley were husband and wife, and lived together as such. At the time of the marriage he owned no money nor property of any kind, but that she had three thousand dollars "in United States coin and currency;" and prior to the 11th of April, 1890, she and Daley used all of said money "in prospecting for, locating and procuring, preserving and maintaining titles to mines and mining claims," and owned the claims in controversy on the said 11th of April. During the coverture she was uneducated and utterly ignorant of the language, laws and customs of the United States and the Territory, and Daley was fairly well versed therein; and, confiding and relying on "the advice of her said husband," advanced him her money "to procure, preserve and maintain the title" to the mining claims, and he took advantage of her ignorance and the confidence reposed in him, "and took and kept the title to all of said mining claims, and interests in mining claims in his own name," without her knowledge or consent, and on the 11th of April, 1890, he abandoned her, and has not since returned to or communicated with her.

On the 2d of September, 1890, Daley conveyed the claims by deed duly acknowledged and recorded in the recorder's office of Cochise County, of said Territory, to A. J. Mehan, who gave no value therefor, and who had 'full notice and knowledge of all her equities.

The appellant claims to own the claims by virtue of an attachment, judgment, execution sale thereunder, and a con-

stable's deed in the case of *Adolph Cohn* v. *A. J. Mehan.* Cohn was plaintiff in the action and the purchaser at the sale, and at that time and long prior thereto had full notice and knowledge of her equities, and notice and knowledge that Mehan had given no value for his conveyance. On the 15th of September, 1890, Mehan conveyed an undivided half interest in the claims, by a deed duly acknowledged and recorded, to Dewitt C. Turner, and on the 22d of November, 1890, a like deed of one third interest to the defendant Bell H. Chandler, neither of whom gave value for his conveyance, and both of whom had notice of her equities, and of Mehan's knowledge thereof, and that Mehan had given no value for his conveyance. On the 8th day of January, 1891, the defendant Turner conveyed an undivided one sixth to the defendant F. C. Fisher, who had knowledge of her equities, and the notice and knowledge of the prior parties. On the 15th of October, 1890, she commenced an action for divorce from said Daley, and on the 14th day of May, 1891, a decree was rendered therein in her favor dissolving the marriage and awarding her the mining claims in controversy, and permitting her to resume her maiden name of "Angela Dias."

On the 18th of October, 1890, and before Cohn bought the claims, she commenced an action against Daley, Mehan and Turner to quiet the title to the claims, and caused to be filed in the recorder's office of the county where the property was situated a notice of the pendency of the action, containing a statement of the nature of the action and of her ownership of and a description of the claims; and Adolph Cohn took title from Mehan after the filing and recording of such notice.

She prayed to be decreed owner of the claims, and that defendants be adjudged to have no interest in them, and that their deeds be cancelled.

The other defendants made default, and the trial proceeded on the issues made between appellant and appellee, and judgment was rendered for her and duly entered. A motion for a new trial was made, but was overruled on the 26th day of November, 1892.

A bill of exceptions was submitted by the appellant on the

1st of December, 1892, and settled and allowed on the 15th of said month by the judge who presided at the trial, after objections made by appellee were heard and considered.

The bill of exceptions recites "that on the 27th of May, 1892, the above cause came on regular for trial, and during the progress thereof the following proceedings were had, as more fully appears in the statement of facts filed herein expressly referred to, and the exceptions to rulings of court as therein shown are made a part of this bill of exceptions."

Then follows an enumeration of the rulings and the motion for new trial and the ruling thereon.

A statement of facts or what is called such was submitted to the counsel of appellee on the 16th of December, 1892. It was entitled in the court and cause, and contained the following recital:

"Transcript of shorthand notes of testimony, etc., taken from the trial of the above-entitled cause, at the court room of said court, in the city of Tombstone, on Friday, the twenty-seventh day of May, A.D. 1892, at 9.30 o'clock A.M., before the court (Hon. Richard E. Sloan, presiding) sitting without a jury, in the presence of W. C. Staehle, Esq., attorney for, and W. H. Barnes, Esq., of counsel with, plaintiff, and James Reilly, Esq., attorney for defendant Angela Dias de Daley; Allen R. English, Esq., for counsel."

Following this recital is a verbatim transcript of the proceedings and of the evidence by question and answer, and of the rulings of the court. It concluded by the following recital:

"The foregoing 102 pages and documents herein referred to and to be copied into the transcript of the clerk when directed is submitted to the opposite party, the defendant, by plaintiff as a full statement of facts in the trial of this cause, and is by the plaintiff agreed to as such.

"Dec. 16, 1892.                          W. H. BARNES,
                                        *Att'y for Plaintiff.*"

The record contains the following:

"We agree that the foregoing — pages of typewriting en-

titled in the above cause contain a transcript of the reporter's notes taken at the trial of said cause, which was filed therein with the clerk of the court November 25, 1892, but said pages also contain matter not in such transcript when so filed, to wit:

"'Clerk will here copy said notice in transcript,' and many such commands, commencing on page 3 of transcript, all commanding or directing the clerk to insert in his transcript all the documentary evidence introduced by plaintiff (appellant) at the trial, but none, except in one instance, of the documentary evidence of defendant (appellee), though defendant introduced in evidence many documents, including the deposition of A. J. Mehan, as shown by said transcript, pages 37 to 40, inc., and the alleged 'statement of facts' is not such nor even a fair statement of the evidence, and we do not agree thereto.

JAMES REILLY,<br>
*Attorney for Angela Dias.*<br>
ALLEN R. ENGLISH,<br>
*Of Counsel.*"

"Counsel for plaintiff in the above-entitled cause of *Cohn* v. *Mehan et al.* having heretofore, to wit, on the 16th day of December, 1892, submitted to me a statement of facts in said cause, and the same having been thereupon submitted to counsel for defendants and being by them disagreed to as correct and being likewise found by me to be incomplete because omitting documentary evidence, said counsel for plaintiff did thereafter, to wit, on the 6th day of March, 1893, submit the foregoing as an amended statement of facts in said cause, and the same was on said sixth day of March, 1893, by me approved and signed.

RICHARD E. SLOAN, *Judge.*"

A completed statement was not filed till May, 1893. The judgment was affirmed on appeal to the Supreme Court of the Territory, and the case was then brought here.

If the so-called statement of facts was filed in time under the Arizona Revised Statutes, it was not a "statement of the facts in the nature of a special verdict made and certified by

the court below" under the act of April 7, 1874, c. 80, 18 Stat. 27, 28. We must assume therefore that the evidence supports the judgment. *Marshall* v. *Burtis,* 172 U. S. 630.

Was the statement filed in time to become a part of the bill of exceptions? Certainly not, if it was not on file at the time of the settlement of the bill of exceptions or did not afterward become a part of the record. It was submitted on the 16th of December, but not agreed to. It was not approved and signed by the judge who tried the case until March, 1893, and not filed until May, 1893.

The Revised Statutes of Arizona provide as follows:

"843. (SEC. 195.) After the trial of any cause either party may make out a written statement of the facts given in evidence on the trial and submit the same to the opposite party or his attorney for inspection. If the parties or their attorneys agree upon such statement of facts, they shall sign the same, and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it, and the same shall be filed with the clerk during the term.

"844. (SEC. 196.) If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall from his own knowledge, with the aid of such statements, during the term, make out and sign and file with the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record.

"845. (SEC. 197.) The court may by an order entered upon the record during the term authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding thirty days after the adjournment of the term."

The record shows that the November term of the court at which the case was tried was finally adjourned December 29, 1892. The statement was therefore not filed within the time required by the statute, and cannot be considered as part of the record.

The rulings of the court, as exhibited in the bill of exceptions, are assigned as error. But for an understanding of the rulings the testimony in the case is necessary, and we are

precluded from looking at it, because it is not properly a part of the bill of exceptions, for the reasons we have given.

It follows that on the record there is nothing for our review, and judgment is

*Affirmed.*