## UNION PACIFIC RAILROAD COMPANY v. GRACE.
### (No. 767.)

APPEAL AND ERROR—BRIEFS—FILING OUT OF TIME—WAIVER.

1. The filing of a brief out of time is not jurisdictional and may be waived by the parties.

2. By stipulating for an extension of time for filing briefs parties may bar themselves from invoking the rule of court providing for dismissal or taking away the right to be heard for failure to file briefs within the time prescribed.

3. A defendant in error, who made and filed his application to the court for an extension of time to file his brief in answer to the brief of plaintiff in error, which had been filed out of time, thereby waived his right to have the proceeding in error dismissed for the failure of the plaintiff in error to file his briefs within the time prescribed by the rules.

[Decided Jan. 20, 1914.]                (137 Pac. 881.)

ERROR to the District Court, Laramie, County; HON. WILLIAM C. MENTZER, Judge.

Action by Robert N. Grace against the Union Pacific Railroad Company. From a judgment in favor of the plaintiff the defendant brought error. Heard on motion to dismiss.

*Herbert V. Lacey* and *John W. Lacey,* for plaintiff in error.

In moving to dismiss an appeal on the ground that the time for appealing had expired before the service of notice thereof a respondent stands upon a strict right and must show a strict and technical compliance with the statute on his part to entitle him to the relief sought. (Good v. Daland, 119 N. Y. 153). The defendant in error waived his right to have the error proceeding dismissed by applying for an extension of time to file his brief after the brief of plaintiff in error had been filed. Such application amounted to a ·recognition of the brief of plaintiff in error and its right to remain on file. (Henry v. Ins. Co., (Colo.) 26 Pac. 318; Houston v. Witherspoon, (Miss.) 8 So. 515; Jones v. Henderson, (Ind.) 49 N. E. 443; Mason v. Phelps, (Mich.) 11 N. W. 413; Lamet v. Miller, 68 Cal. 521; Asch v. Wiley, (Neb.) 20 N. W. 21; Yates v. Thompson, 44 Ill. App. 145; Barham v. Livingston, 11 La. Ann. 604; Durfee v. McClurg, 5 Mich. 532). Plaintiff in error manifested every intention to comply with the rules, but by accident, which it is submitted constituted an excusable neglect, the fact that the brief was not filed in proper time was not discovered until after it had been ·filed. Counsel's memoranda as to time for filing the briefs had been entered under an erroneous date heading, and within the time thus noted by counsel the brief was filed. Counsel therefore had reasonable ground for believing that the briefs were being filed in time. Hence, if in any case the court has the power or discretion to excuse a failure to file briefs in time, the excuse presented in this case we believe to be meritorious. (Gibbs v. Eastham, (Tex.) 139 S. W. 1166; Barbour v. Flick, (Cal.) 53 Pac. 927; Neppach v. Jones, (Ore.) 39 Pac. 999; Cole v. Willow River &c. Co., (Ore.) 118 Pac.

176; Johnson v. White, (Ore.) 112 Pac. 1083; Kearney v. Oregon &c. Co., (Ore.) 112 Pac. 1083).

*William B. Ross,* for defendant in error.

SCOTT, CHIEF JUSTICE.

The defendant in error moves this court to dismiss this case upon the ground that plaintiff in error failed to file and serve its brief within sixty days after filing its petition in error as provided by rule 15 of the rules of this court. The record discloses that the petition in error was filed on August 30, 1913, and plaintiff's brief was filed on November 13, 1913, or 75 days after the filing of the petition in error. No extension of time was applied for or granted within which to file such brief. On December 27, 1913, the defendant in error, by his attorney, without motion to strike plaintiff's brief or to dismiss the proceedings, filed in this court his application for an extension of time within which to file his brief. It will be observed that the defendant in error's application was filed 44 days after plaintiff in error's brief was filed, or 14 days after defendant in error's brief was due under the rule.

The filing of a brief out of time is not jurisdictional and may be waived by the parties. (Meade Plumbing, Heating & Lighting Co. v. Irvin, 77 Neb. 391, 111 N. W. 636; Hart v. Murdock et al., 80 Neb. 274, 114 N. W. 268). The parties may stipulate as to the extension of such time, and by so doing bar themselves from invoking the rule. (Connor et al. v. Zachry, 54 Tex. Civ. App. 188, 115 S. W. 867; 117 S. W. 177; Wiseman v. Maddox (Tex. Civ. App.) 135 S. W. 756). To entitle the defendant in error to a strict application of the rule he must stand strictly within its provision. In other words, he must make his motion upon the non-compliance of his opponent with the rule and not recognize the brief which is filed out of time other than by motion to strike or to dismiss the proceeding in error. (Good v. Daland, 119 N. Y. 153, 23 N. E. 474). In the case here the defendant in error made and filed his

application to this court for an extension of time within which to file his answer brief to one which had been filed out of time, and by so doing waived his right to a dismissal of the petition in error. In principle this view is supported by numerous decisions. (Henry v. Traveler's Ins. Co. 16 Colo. 179, 26 Pac. 318, 319; Houston v. Witherspoon, 68 Miss. 188, 8 So. 515, 516; Jones v. Henderson, 149 Ind. 458, 49 N. E. 443; Mason v. Phelps, 48 Mich. 126, 11 N. W. 413, 414, 837; Lamet v. Miller, 68 Cal. 521, 522; Asch v. Wiley, 16 Neb. 41, 20 N. W. 21, 22; Yates v. Thompson, 44 Ill. App. 145; Barhem v. Livingston, 11 La. Ann. 604; Durfee v. McClurg, 5 Mich. 532). It follows that the motion must be, and it is hereby, denied. The defendant in error is granted 45 days from this date within which to file and serve his brief.

Beard, J., concurs.

Potter, J., did not sit.