## REYNOLDS v. MORTON.
### (No. 793.)

APPEAL AND ERROR—BRIEFS—FAILURE TO FILE—WAIVER BY STIPULA-
TION EXTENDING TIME—JURISDICTION—ORIGINAL PAPERS—DELAY IN
TRANSMITTING—DISMISSAL.

1. The failure to file and serve briefs within the time required by the rules is not jurisdictional and may be waived.
2. The failure to file and serve briefs within the time required by the rules is waived by a stipulation of counsel after default extending the time.
3. It is not a ground for dismissing a proceeding in error that the clerk of the district court has failed to transmit the bill of exceptions and other original papers and a properly authenticated transcript of the journal entries, as required by an order therefor issued by the clerk of the supreme court upon the application of the plaintiff in error filed with the petition in error.

[Decided November 16, 1914.]        (144 Pac. 18.)

Error to the District Court, Niobrara County; Hon. William C. Mentzer, Judge.

The action was brought by John Morton against William Reynolds, and from a judgment in favor of the plaintiff, the defendant brought error. Heard on motion to dismiss.

*Norton & Hagens,* for defendant in error, in support of the motion.

The Supreme Court will not recognize an agreement of counsel to dispense with a compliance with a rule of court. (Spencer v. McMaster, 3 Wyo. 105; Robertson v. Shorow & Co., 10 Wyo. 368). An order extending the time for filing and serving brief is indispensable to save default. The rules of the Supreme Court, authorized by law, have the force of a statute and are mandatory. (Jones v. Adams Bros., 2 Wyo. 194; Cronkhite v. Bothwell, 3 Wyo. 739; Bank v. Anderson, 3 Wyo. 518; Small v. Savings Bank, 16 Wyo. 126; Grippen v. State, 20 Wyo. 486). Although there is among the files some papers indorsed "Original Papers Inc. Bill of Exceptions", the attached clerk's certificate recites that the papers named are the original papers filed in the District Court, without reciting that they are all the papers, which is not a compliance with Rule 10 requiring that in transmitting the original papers the clerk shall certify whether they are all the original papers in the case or certain papers, naming them. The clerk's certificate to the purported transcript of certain journal entries is insufficient, and fatally defective, because failing to comply with Rule 10; the certificate reciting, "that the within and foregoing is a true and correct copy of the transcript of the cause wherein John Morton was plaintiff, and William Reynolds was defendant." (8 Words and Phrases, p. 7062). Although the indorsement upon the supposed original papers refers to a bill of exceptions, no such bill is included therein, and without a bill showing that the errors assigned were presented to the District Court by motion for new trial there is nothing for this court to consider, for all of the

assigned errors are matters which might have been presented by such a motion. (Murrin v. Ullman, 1 Wyo. 36; Garbanati v. Comm'rs., 2 Wyo. 257; O'Brien v. Clark, 4 Wyo. 443; Syndicate Impr. Co. v. Bradley, 6 Wyo. 171; Cantlin v. Miller, 13 Wyo. 109). The instructions in the case are not a part of the record proper, for they do not appear to have been filed in the office of the clerk of the District Court, and, therefore, they cannot be considered unless embodied in a bill of exceptions.

*Allen G. Fisher* and *William P. Rooney,* for plaintiff in error.

BEARD, JUSTICE.

This case is before the court at this time on the motion of defendant in error to dismiss the proceedings in error for the reasons: 1. That plaintiff in error failed to file his brief within the time required by the rules of this court. 2. That he has failed to cause the original papers in the case to be sent up to this court, properly authenticated as required by the rules. 3. That he failed to have sent up a properly authenticated transcript of the journal entries in said cause. 4. That no bill of exceptions has been filed containing a motion for a new trial and that the errors assigned are only such as can be assigned as grounds for a new trial in the court below.

The petition in error was filed April 9, 1914. The time for filing brief on behalf of plaintiff in error therefore expired June 8, 1914. No brief was filed within that time; but on July 6, 1914, the attorneys for the respective parties entered into a written stipulation extending the time for plaintiff in error to file and serve his brief until August 15, 1914, and giving defendant in error his full forty-five days thereafter to file and serve his brief. That stipulation was filed July 9, 1914. No brief was filed on or before August 15. By written stipulation of said attorneys, bearing no date, but filed August 18, 1914, the time for plaintiff in error to file and serve his brief was further extended until

August 25, and for defendant in error until October 10, 1914. Plaintiff in error filed his brief August 24, 1914, one day before the expiration of the time allowed by the last stipulation. The motion to dismiss was filed September 23, 1914. Had the defendant in error filed his motion to dismiss, while plaintiff in error was in default, that is, either between June 8 and July 6, or between August 15 and August 18, and had not by written stipulation waived such defaults, the motion on the first ground would be properly before the court for consideration. But counsel cannot be permitted to invoke the rule in violation of their written stipulation waiving the default. That the failure to file and serve a brief within the time required by the rule is not jurisdictional and may be waived was held in Union Pacific R. Co. v. Grace, 137 Pac. 881.

The second and third grounds of the motion may be considered together. We find among the files in this court an application, filed on the day the petition in error was filed, for an order on the clerk of the District Court requiring him to certify to this court "the following named original papers in said case, to-wit: petition, answer, reply, instructions requested and refused, instructions given, motion for new trial, bill of exceptions, and transcript of all journal entries and also a duly authenticated transcript of the following journal entries and other matters of record in said cause: order on motion for new trial, order fixing supersedeas, judgment." The order was accordingly issued by the clerk on the same day, and service of the same acknowledged by the clerk of the District Court two days later. By Section 5114, Comp. Stat. 1910, the plaintiff in error is required to file with his petition in error an application for an order requiring the clerk of the District Court to transmit to the Supreme Court all such original papers in the case and a duly authenticated transcript of all such journal entries or other entries of record as he may desire and as may be necessary to exhibit the errors complained of; and it is made the duty of the clerk of the District Court to forthwith com-

ply with such order. But his failure to do so is not made a ground for dismissing the proceedings in error, either by statute or rule of court. There was filed in this court on April 15, 1914, what purports to be the original papers and journal entries called for by the application and order. Whether they are properly authenticated or are sufficient to exhibit the errors complained of we do not think properly presented by the present motion and do not therefore determine those matters.

As to the fourth ground of the motion—there was filed on September 25, 1914, and before the hearing on the motion, what purports to be a bill of exceptions.

Deeming none of the grounds of the motion well taken, it is denied. Defendant in error will be allowed forty-five days from this date to file and serve his brief.

*Motion to dismiss denied.*

SCOTT, C. J., and POTTER, J., concur.