# NICHOLSON v. STATE.

(No. 804; Decided December 23rd, 1915; 153 Pac. 749.)

APPEAL AND ERROR—FILING BRIEF OUT OF TIME—CRIMINAL LAW—MOTION TO DISMISS—LACHES IN MOVING DISMISSAL—WAIVER.

1. A failure by plaintiff in error to file or serve his brief within the time required by the rules will not deprive the court of jurisdiction, but such failure may be waived.

2. Where plaintiff in error in a criminal case made a late filing of his brief and thereafter the Attorney General wrote counsel for plaintiff in error calling attention to counsel's brief and other papers in the case and offering to submit the case on said papers, *held,* that said letter was sufficient to constitute a waiver of objections for failure of plaintiff in error to file and serve his briefs within time, since it recognized the brief without objection.

3. A delay of more than ten months in moving to dismiss proceedings in error for failure to file briefs within the time required by the rules, or within an extension period, is an unreasonable delay and a waiver of the right to have the cause dismissed on the ground stated.

ERROR to the District Court, Fremont County; HON. WILLIAM C. MENTZER, Judge.

Thomas G. Nicholson was convicted of the crime of libel and brings error; heard on motion to dismiss for failing to file briefs within time. Motion denied.

*John J. Spriggs,* in opposition to the motion.

The motion is untimely. An objection to the filing of plaintiff's brief was waived by the Attorney General. Plaintiff in error was delayed in securing an approval of the bill of exceptions.

*Hon. D. A. Preston,* Attorney General, for the State.

POTTER, CHIEF JUSTICE.

This is a criminal case brought here on error by the defendant, who was convicted of the crime of libel in the district court in Fremont County. It is now before the court on a motion filed by the Attorney General to dismiss the

proceeding in error, on the ground that the brief of plaintiff in error was not filed within the time required by the rules and an order extending such time. The requisite number of copies of the brief were filed December 18, 1914, and the motion to dismiss was filed November 1, 1915. It is conceded that the time for filing the brief had been regularly extended to December 15, 1914. The time was extended to that date by an order dated November 21, 1914; the extension having been granted for the reason stated in the application therefor that the bill of exceptions, although presented, had not been settled and allowed by the district court. Thus the briefs were filed three days after the time granted by said order, and without any further order extending the time having been made or applied for.

It is contended in resisting the motion that the objection as to the time of filing the brief had been waived by the Attorney General, first, by the long delay in moving to dismiss, and, second, by recognizing the brief, long prior to filing the motion, and consenting in writing that it might be considered by the court. It appears that shortly after the brief was filed counsel for the plaintiff in error was served with a notice by the Attorney General that on January 8, 1915, he would present to the court, on behalf of the defendant in error, a motion to dismiss the proceeding in error on the ground that the brief of plaintiff in error had not been filed within the time allowed. This is shown by a copy of the notice and proposed motion attached to and filed as a part of the brief opposing the present motion. It further appears that responding to such notice said counsel for plaintiff in error, on January 7, 1915, filed a so-called protest, calling attention to the fact that the bill of exceptions had not been settled or allowed, and suggesting as a reason excusing the failure to strictly comply with the rules as to filing the brief that counsel was not notified of the granting of the order extending the time until December 15, 1914, or to what date, if any, the time had been extended, and not knowing what action had been taken upon his application, but deeming it his duty to preserve the rights of

the plaintiff in error, if possible, he then proceeded to prepare the brief and filed the same, mailing it to the clerk on December 16, 1914, relying upon a future allowance of the bill of exceptions, and trusting that the brief might be received without objection, if not filed within the time that may have been granted.

But the proposed motion mentioned in the notice aforesaid was not presented or filed, nor does any motion or objection to the brief appear to have been filed previous to the filing of the motion now before the court. The bill of exceptions was not allowed until April 12, 1915, and was not filed in this court until May 3, 1915, but the other original papers had been filed here on November 18, 1914. Prior to the allowance and filing of the bill, in a letter dated April 8, 1915, the Attorney General wrote counsel for plaintiff in error as follows: "In reply to your letter of the 3rd instant permit me to state that the case of Nickolson vs. State is still pending in the Supreme Court, where the only papers on file are the original files—your petition in error and brief. If you desire the case submitted on the proceedings so far taken on behalf of the plaintiff in error, I certainly shall make no objection." The writing and sending of that letter is not disputed, and it is here attached to and filed as a part of the brief resisting the present motion.

The failure of a plaintiff in error to file or serve his brief within the time required by the rules does not deprive the court of jurisdiction, but such failure may be waived. (Union Pac. R. Co. v. Grace, 22 Wyo. 234, 137 Pac. 881; Reynolds v. Morton, 22 Wyo. 478, 144 Pac. 18.) It was held in Union Pac. R. Co. v. Grace, *supra,* that there was a waiver where the defendant in error filed an application for an order extending the time for filing his brief, after the brief of plaintiff in error had been filed out of time, and without moving either to strike such brief from the files or to dismiss the proceeding, the court saying: "To entitle a defendant in error to a strict application of the rules he must stand strictly within its provision. In other words, he must make his motion upon the non-compliance of his op-

ponent with the rule and not recognize the brief which is filed out of time other than by motion to strike or to dismiss the proceeding in error." In Reynolds v. Morton, *supra,* a waiver was held to result from a stipulation of counsel after default extending the time. This court said, in that case, that counsel cannot be permitted to invoke the rule in violation of their written stipulation waiving the default.

We think the above mentioned letter of the Attorney General brings the case at bar within the principle of the cases cited, for, while not a stipulation as to briefs, it referred to the brief of plaintiff in error as on file, without any suggestion that it had been filed improperly, and stated that no objection would be made to the submission of the cause on the proceedings so far taken, and it must be considered, in our opinion, as a recognition of the brief inconsistent with the right to have the cause dismissed on the ground that the brief had not been filed within the time allowed, and, therefore, as a waiver of such right. We understand, of course, that when writing the letter the Attorney General had in mind the fact that no bill of exceptions had then been filed, and that he would not object to a submission of the cause upon the other papers alone. However, the brief was one of the papers on file, and the counsel to whom the letter was addressed might fairly infer from it that no objection would be made to the brief because not filed in time, or that such objection, of which notice had previously been given, was abandoned or withdrawn, especially in view of the fact that the proposed motion referred to in the previous notice had not been filed or presented.

Aside from this recognition of the brief, we think an unreasonable time was permitted to elapse before filing the motion to dismiss, and that such delay must be held a waiver of the objection as to the time when the brief was filed. The only penalty prescribed for the failure of a plaintiff in error to file and serve his brief as required by the rules is that the defendant in error may have the cause dismissed, or may submit it, with or without oral argument. (See Rule 21, Comp. Stat. 1910, p. 1465, 18 Wyo. xii, 104 Pac. xiv.)

The provision as to submitting the cause can apply only where no brief has been filed by the plaintiff in error, or where the brief, if filed, has been ordered stricken from the files; the defendant may then file his brief and submit the case, or without filing a brief may ask that it be dismissed. But where, in the absence of any intervening motion to dismiss because of the failure to file or serve a brief, the plaintiff in error has filed and served his brief after the time allowed, the defendant in error can then raise the objection only by moving to strike the brief from the files or dismiss the proceeding in error. And since the filing of a brief out of time is not jurisdictional, but may be waived, and the brief may be considered by the court in the absence of a proper objection, the defendant in error, if desiring to insist upon the right conferred by the rules, should be required to act without unreasonable delay, or be understood as waiving the objection that might be interposed. A contrary application of the rule, by allowing an unlimited time to raise the objection, would disregard the reason for requiring the filing and serving of briefs within a specified time, and would permit the defendant in error to postpone the time for filing his brief indefinitely. We need not here determine what in all cases would amount to unreasonable delay in moving to dismiss where the brief of a plaintiff in error has been filed out of time, or whether a delay would be unreasonable if beyond the time fixed by the rules for filing and serving the brief of defendant in error, though it might perhaps be reasonably held that the objection ought to be made within such time. But we are not now prepared to so construe or apply the rule nor is it necessary in this case, for more than ten months was allowed to elapse between the time of filing the brief here objected to and the filing of the motion to dismiss, during which period the April term of the court was held, at which the case might have been heard, but for the seemingly necessary delay in filing the bill of exceptions, and the present October term was convened with the case standing upon the docket apparently ready for hearing, without any appearance on

behalf of the defendant in error. A delay for this length of time in filing the motion must, under the circumstances, be held unreasonable and a waiver of the right to have the cause dismissed on the ground stated. The motion to dismiss will be denied. Prior to the filing of the motion to dismiss, and during the present term, plaintiff in error filed a motion to require the Attorney General to file a brief if desiring to be heard, and as this is a criminal case and the court is satisfied that the Attorney General acted only in good faith and believing that he was strictly within his rights in presenting his motion, reasonable time will be granted the defendant in error to file and serve a brief on the merits.

Beard, J., and Scott, J., concur.