## McGINNIS v. BEATTY.

### (No. 909; Decided March 21, 1921; 196 Pac. 311.)

APPEAL AND ERROR—FILING OF BRIEF AS WAIVER—MOTION FOR DISMISSAL—NOTICE OF APPEAL—SERVICE OF SPECIFICATIONS OF ERROR—PURPOSE OF FILING SPECIFICATIONS—CERTIFICATION OF RECORD—PROCEDURE ON APPEAL—AMENDMENT OF RECORD—VACATION OF DISMISSAL ORDER.

1. Failure of appellant to file his brief within 60 days of the filing of the record on appeal was waived by respondent by filing of a brief upon the merits without having objected to the delay in the filing of appellant's brief; the filing of a brief out of time not being jurisdictional.

2. Where the record on appeal was filed May 7, 1917, and appellant's brief July 13, 1917, respondent waived failure of appellant to file brief in time by failing to make a motion to dismiss until November 8, 1919.

3. Where a notice of appeal and acknowledgement of service thereof were both without date and the only date shown

on the paper was the date of the filing, the latter date should and may properly be presumed to be the date of service, and it will not be assumed that the notice may have been served or written before the date of the entry of the order appealed from.

4. An objection, or the right to object, to the time or manner of service of the specifications of error or a failure to serve the same, may be waived, since such service is not jurisdictional, and is waived by the filing of respondent's brief upon the merits without previously having made and insisted upon the objection.

5. The purpose of filing and serving specifications of error is to point out the specific errors claimed to have been committed, and relied on for reversal for the information of opposing counsel and the reviewing court, and, should it appear in any case that no specifications of error have been filed, there would, of course, be nothing to consider, and the dismissal of the appeal or an affirmance must result, under Laws 1917, c. 32, § 8, and section 6 as amended by Laws 1919, c. 15, § 1.

6. Clerk of court's certificate *held* a sufficient certificate as to the truth and correctness of the record, although it did not use the words that the record was true and correct.

7. Where a direct appeal is taken, neither a summons in error or praecipe therefor, nor bill of exceptions, is necessary, the statute providing for filing and serving of notice of appeal, and instead of a bill of exceptions for a record on appeal to consist of the several papers and entries in the cause.

8. Where a record was authenticated by proper certificates, but was sent back to be amended by including a certified copy of the order of the entry appealed from, later or new certificates did not destroy or lessen the effect of the certificates authenticating or perfecting the original record, and the appeal is *held* to have been commenced or perfected on the filing of the original record.

9. The Supreme Court has authority to vacate an order dismissing an appeal during the term, and, a re-hearing having been granted, the cause was left in the same condition as it stood before the former submission of the motion to dismiss so far as jurisdiction is concerned.

10. The Supreme Court has jurisdiction, after an order dismissing an appeal for a defect in the record and granting a motion, to permit an amendment of the record filed in

connection with a motion to reinstate or a petition for re-hearing; but it should not be understood that such motion then filed for the first time will be granted in all cases or as a matter of right.

Appeal from the District Court of Niobrara County; Hon. Ernest C. Raymond, Judge.

On re-hearing of motion to dismiss. For former opinion see 26 Wyoming 409, 186 Pac. 120.

*M. H. Neil* and *Kinkead and Henderson,* for Motion to Dismiss.

It does not appear that a record on appeal was ordered prepared or filed; specifications of error were not served upon counsel for respondent; this court is without jurisdiction, Culbertson v. Ainsworth, (Wyo.) 181 Pac. 418. The omissions cannot be cured by affidavit, Hahn v. Bank, 25 Wyo. 467; 172 Pac. 705; There was not a substantial compliance with the statute. The statute must be followed to confer jurisdiction. The right of appeal is statutory and jurisdiction on appeal cannot be invoked by consent of the parties.

*Mentzer and Wilcox,* in Resistance of Motion.

The appeal record contains all papers required by the statute; no objection was made to the record for more than one year indicating an acquiescence of respondent as to sufficiency of proceedings. There was a general appearance by respondents. (Honeycutt v. Nyquist, 12 Wyo. 183; Banks v. Sparks, 151 Pac. 525; Sax v. Clark, 180 Pac. 821; Hanson v. Hanson, 122 Pac. 100.) An appearance means the coming in of defendant, 1 Words and Phrases, 450; respondent entered into a stipulation for a continuance of the term and was too late to raise the question of jurisdiction of a person; (2 Ency. Pl. & Pr., 625; Lowe v. Stringham, 14 Wis. 22; Belknap v. Charleton, 25 Ore. 41; 34 Pac. 758; Frazier v. Douglas, 48 Pac. 36.) It is denied that the statutory provisions must be followed,

but it is respectfully submitted that there has been a substantial compliance with the statute.

Potter, Chief Justice.

This case, here on direct appeal, has been heard the second time on a motion to dismiss, reinstatement having been ordered and a re-hearing granted after a former decision sustaining the motion. Thereupon the record on appeal was ordered returned to the district court, on appellant's application, for amendment so as to include a certified copy of the journal entry of the order appealed from, the appeal having been dismissed for the reason that the record did not contain such journal entry or anything to show that the order had been entered. 26 Wyo. 409, 186 Pac. 120. The amended record contains a certified copy of the journal entry of the order and a certificate of the clerk of the district court that such order, dated March 3, 1917, was entered on March 5, 1917.

After the amended record was returned to this court the respondent filed a renewal of the motion to dismiss on the grounds stated in the original motion and additional specified grounds. Briefly stated the grounds of the original motion are: 1. Insufficiency of the proceedings to give the court jurisdiction. 2. The failure of appellant to file briefs within sixty days after the filing of the record on appeal. And the following reasons are specified under the first ground: (A) That the record fails to show service of the notice of appeal within the time required by law after the entry of the order appealed from. (B) It fails to show service of specifications of error upon respondent or his attorney. (C) That specifications of error were not prepared and filed as required by section 8 of the direct appeal statute or otherwise. (D) That no record on appeal was prepared and filed as required by section 4 of the direct appeal statute. The renewed motion states in addition to the above, in substance: 1. That the appeal is from an order made on March 5,

1917, and the appellate proceedings were not perfected until after April 17, 1920. 2 & 3. That there is no bill of exceptions, and no summons in error filed or served and no precipe therefor filed. 4. That the record on appeal had not been certified by either the clerk or judge of the district court at the time of the former hearing, and that it was not certified until April 10, 1920. 5. That no steps having been taken prior to the submission of the cause to correct the record, any subsequent correction is without authority of law. 6. That no sufficient correction of the record has been made to give this court jurisdiction of the cause, or to vacate or modify its former decision dismissing the appeal. 7. That the record is without a proper certificate of the clerk that it contains all or any of the pleadings, or that the transcript of judgments and orders is full and complete, or that the record contains a transcript of all the record of the cause in the clerk's office.

Instead of following the order in which the several grounds are stated in the motions, they will be considered in the order seeming more convenient for discussion. The failure of the appellant to file his brief herein within sixty days after the filing of the record on appeal in this court, stated as the second ground of the original motion, was waived by respondent by his filing of a brief upon the merits without having objected to the delay in the filing of appellant's brief. (Union Pac. R. R. Co. v. Grace, 22 Wyo. 234, 137 Pac. 881; Reynolds v. Morton, 22 Wyo. 378, 144 Pac. 18; Nicholson v. State, 23 Wyo. 482, 153 Pac. 749.) It was held in those cases that the filing of a brief out of time is not jurisdictional, and that the failure to file the same within the time required by the rules may be waived. The filing by the defendant in error of an application for an extension of time within which to file his answering brief was held such a waiver in U. P. v. Grace, supra; and in Reynolds v. Morton, supra, the waiver was held to result from a written stipulation of the

parties filed in this court extending the time for the filing
of the brief of plaintiff in error, which was entered into and
filed when the latter was in default. In Nicholson v.
State, supra, the default was held to be waived where the
Attorney General, representing the defendant in error
recognized the brief of plaintiff in error filed out of time
by a letter referring to it and other papers in the case and
offering to submit the case on said papers. It was also
held in that case that, since the filing of a brief out of
time is not jurisdictional, a defendant in error, if desiring
to insist upon the right to move for a dismissal on that
ground or to strike the brief from the files, is required to
act without unreasonable delay or be understood as waiv-
ing the objection; and a delay of ten months after the
filing of the brief objected to on the ground stated was
held to be unreasonable and to constitute a waiver. In
the case at bar the record on appeal was filed on May 7,
1917, and appellant's brief on July 13, 1917. Respon-
dent's answering brief was filed on July 31, 1917. The
original motion to dismiss was not filed until November
8, 1919. That delay, as well as the filing of respondent's
answering brief, was a waiver of the objection now being
considered.

The notice of appeal was filed on March 10, 1917, seven
days after the date of the order and five days after its
entry. Written upon the face of and underneath the
notice are the words and name, all appearing in the same
handwriting, "Received copy of above M. H. Neil Attor-
ney for Respondent." M. H. Neil was the attorney for
plaintiff and respondent, and his name is signed to respon-
dent's brief upon the merits filed in this court. The ob-
jection is made in the original motion that the record does
not show service of the notice, that is, within ten days
after the entry of the order appealed from, and counsel
for respondent relies, in support of the objection, upon
the principle established by our decisions that a notice
filed or served before the entry of the judgment or order

appealed from, and not *after* such entry, is premature, and upon Culbertson v. Ainsworth, 26 Wyo. 214, 181 Pac. 418, holding that the fact of due service and filing of the notice must appear from the record to confer appellate jurisdiction, and that where a notice was dated prior to the filing and entry of judgment and the endorsement thereon acknowledging service was without date, no presumption of service after the entry of judgment arose from the record. In that case we said:

"Upon the record, therefore, it does not appear that the notice was served after and not before the entry of the judgment, unless it may be presumed from the facts appearing by the record that it was so served, * * *. And we do not think the presumption legally or properly follows from the facts in the record that the notice was served within the time prescribed by the statute, though no doubt it might be presumed that it was served prior to the time the notice was filed and either before or on the date of such filing, from the fact that as filed the notice bears the endorsement acknowledging service as aforesaid. But that filing occurred on the next day after the entry of the judgment, and the notice is dated * * * four days before the judgment was entered, making it possible for the notice to have been served prior to such entry."

The facts of the present case are different in that the notice as well as the acknowledgment of service is undated, and the only date upon the paper is that of filing, which was five days after the date of the filing and entry of the order appealed from. And, though the order is dated March 3, 1917, it appears to have been made and signed by the district judge in chambers in another county and district, making it not only possible but quite probable that the order did not reach the office of the clerk of the court where the cause was pending until the day it was filed, on which day also was entered, thus leaving very little, if any, ground to assume that the notice may have been served or even written before the date of the entry

of the order.  But we think, in the absence of anything to the contrary in the record, the notice and acknowledgment of service both being without date, and the only date shown on the paper being the date of filing, that the latter date should and may properly be presumed to be the date of service.  That date, under the circumstances, is to be taken as the date of the notice, and the reason for the decision in the case above cited denying a presumption of service after entry of judgment does not, therefore, apply to the facts in this case.

The two objections of the original motion with reference to the specifications of error may be considered together. The objection as to the filing of such specifications is not supported by the record, for it contains a paper entitled in the cause, and named at the head as part of the caption and by endorsement on the back "Specifications of Error on Direct Appeal", and bearing the clerk's filing endorsement showing that it was filed on May 1, 1917.  But there is nothing in the record to show a service of the specifications upon either the respondent or his attorney.  An affidavit has been filed in this court evidently intended to supply that omission of the record, but it shows only that the paper was mailed from Cheyenne on April 28, 1917, to respondent's attorney at Lusk, where the district court is held and said attorney then resided.  Whether due service of specifications of error may properly be shown in this court by proof outside of the record, or whether the showing made by the affidavit on file here would be sufficient as such proof, need not be considered.  It would certainly be the better practice for the record to show the fact of such service, but unless the fact appears upon the paper itself as filed, or by some other paper also filed, the omission would not be the fault of the clerk.  But an objection, or the right to object, to the time or manner of service of the specifications, or a failure to serve the same, may be waived, since such service is clearly not jurisdictional; and it has been waived in this case by the filing of respon-

dent's brief upon the merits without previously having made and insisted upon the objection.

Although the record was, when first prepared and filed, required to include the specifications of error, under the statute as originally enacted (L. 1917, Ch. 32, Sec. 6), service of the specifications was not required (id Sec. 8) until within ten days after the record has been prepared and filed. By an amendment of Section 6 in 1919, the paper is not to be included in the record as first prepared and filed, but is thereafter, when filed, to be attached thereto together with a certificate of the clerk authenticating it and thereupon becomes a part of the record. L. 1919, Ch. 15, Sec. 1, Comp. Stat. 1920, Sec. 6406. And, as explained in Hahn v. Citizen's State Bank, 25 Wyo. 467, 171 Pac. 889, the purpose of filing and serving specifications of error is to point out the specific errors claimed to have been committed and relied on for a reversal for the information of opposing counsel and the reviewing court. Should it appear in any case that no specifications of error had been filed there would, of course, be nothing to consider, and a dismissal of the appeal would, we suppose, necessarily result, or, if found to be authorized by statute and proper under the circumstances, an affirmance of the judgment.

One of the grounds stated in the renewal of the motion to dismiss is that at the time of the former hearing the record had not been certified to by the judge or clerk of the district court. We think the record disproves that. There is a clerk's certificate near the end of the amended record, which certificate is dated May 4, 1917, and has the seal of the court attached thereto, and the signature purports to be that of the person who was clerk at that time, and the only change which appears to have been made by the amended record in the order in which the several papers were included in the original seems to be the insertion of a page immediately preceding the said

clerk's certificate containing a certified copy of the journal entry of the order appealed from; a copy of the journal entry appearing upon that sheet and following that, the clerk's certificate authenticating the same. That instrument, including the journal entry and the certificate, is numbered 24, and the preceding papers in the record appear as originally numbered from 1 to 23 inclusive, and which apparently preceded the clerk's certificate of May 4, 1917. For that certificate refers to the instruments numbered 1 to 23 inclusive, and certifies that the "attached and foregoing instruments, numbered 1 to 22 inclusive, are the original instruments filed in the cause * * * and that No. 23 is a true, full and correct copy of" certain stated orders of the court. Following that certificate is a so-called amended certificate, dated April 10, 1920, with the seal of the court attached, and appearing to have been signed by the one who was clerk of the court at the time the certificate was dated. Following that is a certificate of the judge, which is undated, but which is followed by a so-called amended certificate of the judge, dated April 17, 1920. The body of the judge's original certificate, which is typewritten, appears in the same type as that used in the body of the clerk's certificate of May 4, 1917, and we think it is not to be reasonably doubted that such original certificate was in the record at the time of the former hearing and when the record was filed in this court. And the record was first filed here on May 7, 1917, well within the time allowed for preparing and filing the original record.

The original certificate of the judge is to the effect that the pleadings and specifications of error, the instruments numbered from 1 to 23 inclusive and attached to said certificate and comprising the record are all and the true and correct pleadings and specifications of error as filed in the cause and "that this record is true and correct in every detail." The clerk's original certificate—that

dated May 4, 1917—does not use the words that the record is true and correct. But it does certify, as above stated, that the attached and foregoing instruments, numbered 1 to 22 inclusive, are the original instruments filed in the cause, and that number 23 is a full, true and correct copy of the orders specified in the certificate. And we think that a sufficient compliance with the statutory provision that the record when prepared shall be certified to by the clerk as true and correct. The same section containing that provision specifies also the papers to be included in the record, or the papers of which the record shall consist, mentioning, among others, the pleadings, motion, demurrers, verdict, findings, orders and judgments and notice of appeal, and, by the recent amendment aforesaid, now requires specifically that the orders and judgment of the court shall be shown in the record by certified copies of journal entries. The statute prior to the amendment had been construed by this court as requiring copies of the journal entries in the record to show the judgment or order appealed from, to give the court jurisdiction, in view of the provision of the statute that an appeal shall be taken by filing and serving notice within ten days after the entry of the judgment or order appealed from.

The clerk having originally certified that certain instruments preceding the certificate numbered as stated above are the original instruments filed in the case, indicating, we think, all of the instruments so filed, and further, that the remaining instrument referred to by its number as aforesaid, was a full, true and correct copy of certain stated orders of the court, is substantially the same as stating that the record is true and correct, and should be given the same effect, we think, as if the statutory words had been used in the certificate. What is here stated is sufficient to dispose also of the last ground stated in the renewed motion to the effect that there is no certificate that the record contains all or any of the plead-

ings and that the transcript of judgments and orders of the court are full and complete.

The second and third grounds of the renewed motion seem to be based upon a misconception of the character of this appellate proceeding. This is not a proceeding in error, but a so-called direct appeal, under a statute providing for it as a separate and independent method of reviewing civil and criminal causes in this court, in addition to the provisions of law for reviewing such causes on proceedings in error. That statute does not provide for a summons in error or precipe therefor, nor for a bill of exceptions, but, on the contrary, it provides for filing and serving a notice of appeal and, instead of a bill of exceptions, provides for a record on appeal to consist of the several papers and entries in the cause, including, if desired and necessary, a complete transcript of the testimony, certified to by the official court reporter as being true and correct.

The first ground of that motion, that this appellate proceeding was not commenced or perfected until subsequent to April 17, 1920, is based, we suppose, upon the new certificates to the record as amended, which were dated, respectively, that of the clerk, April 10, 1920, and of the judge on April 17, 1920. As shown above, the original record was authenticated by proper certificates, and in its then condition had been perfected within the time allowed by the statute. The new certificates of the judge and clerk were each erroneously entitled ''Amended certificate.''. Their jurpose was not to correct the former certificates but to certify to the correctness of the record as amended by including a certified copy of the journal entry of the order appealed from; the record having been returned to the district court for the purpose of permitting the record to be so amended. These latter or new certificates, it is true, perfect the record as amended, as permitted by an order of this court, but do not destroy

or lessen the effect of the certificates authenticating and perfecting the original record.

The point presented by the 5th ground of the renewed motion, that the appellant was estopped by the former decision of the court from thereafter correcting the record, having taken no previous steps to that end, and that there is no authority authorizing the court to suspend a judgment or decision for reasons or causes of which a party had notice prior to the submission of a cause, which he had not attempted to correct or supply, cannot be sustained. The order reinstating the cause and granting a rehearing was made and entered at the same term at which the appeal had been ordered dismissed, and the court clearly had authority to vacate that order during the term. And a rehearing having been granted, it left the cause in the same condition as it stood before the former submission of the motion to dismiss, so far as the question of jurisdiction is concerned, as well as the right of the appellant to take the necessary steps to procure an amendment of the record, the latter, however, being subject to the control of the court in the exercise of its judicial discretion upon a consideration of the pertinent facts and circumstances of the case. And the appellant certainly had a right to move for reinstatement or rehearing, or both, at least within the time allowed by the rules for filing a petition for rehearing, and a petition for rehearing, if filed within the time allowed by the rules, may be so filed during or after the term at which the order sought to be so reviewed was entered, and the court will thereupon retain jurisdiction until the petition is disposed of.

In Hahn v. Citizen's State Bank, supra, the court refrained from deciding whether an application to amend a record on appeal could properly be granted after an order dismissing the appeal, when made in connection with a petition for rehearing, accompanied by a showing sufficient to justify a return of the record for amendment if

applied for in time, for the reason that the only application made in that cause proposed an amendment which ought not to be granted even upon timely application. But that matter was considered at the time of granting a rehearing in this cause ordering a return of the record for amendment so that it might include a certified copy of the journal entry of the order appealed from, and such action was deemed proper in view of the circumstances of the case. As already stated, there had been an appearance in the case by the filing of respondent's brief upon the merits, and there had been a long delay in filing the motion to dismiss, upon which the appellant partly relied at the former hearing, and which appearance, as we hold above, amounted to a waiver of some of the objections stated in the original motion to dismiss. Nor can the point be sustained presented by the 6th ground of the motion, that a sufficient correction of the record had not been made. The only correction proposed was to supply a certified copy of the journal entry of the order appealed from, which order appeared in the original record only by an order signed by the judge which failed to show whether or not and when it had been entered. And the record has been corrected sufficiently in that respect.

Though we hold that the court has jurisdiction, after an order dismissing an appeal for a defect in the record, to grant a motion to permit an amendment of the record filed in connection with a motion to reinstate or a petition for a rehearing, it should not be understood that such a motion then filed for the first time will be granted in all cases or as a matter of right. But whether it will or ought to be granted must depend upon the facts and circumstances of the particular case, as affecting the right to amend in view of the delay in the application, in addition to the showing ordinarily necessary to justify the return of a record for amendment.

For the reasons stated the motions to dismiss will be denied.

Blydenburgh, J., concurs. Kimball, J., did not sit, the hearing having occured before his appointment to this court.