## RYAN ET AL v. SNYDER
(No. 1042; Decided August 26, 1921; 200 Pac. 105)

1.  A motion to dismiss proceedings in error on the ground that
    the motion for a new trial below was filed out of time,
    will be denied where the motion for new trial has not been
    brought into the record for proper presentation by a bill
    of exceptions.

2.  A motion to dismiss proceedings in error on the ground that
    plaintiff in error failed to move for a new trial within
    ten days after the verdict will be denied where the peti-
    tion in error contains assignments of error which may be
    considered upon the record proper without a bill of ex-
    ceptions or motion for a new trial.

3.  Where pending a decision to dismiss proceedings in error
    on other grounds a second motion as filed to dismiss the
    proceedings in error for failure of plaintiff in error to file
    briefs on the merits within the time fixed by rule, the sec-
    ond motion will be denied in view of the established prac-
    tice of granting defendant in error additional time for
    filing his briefs on the merits from and after a decision
    denying his motion to dismiss. Under such circumstances
    plaintiff in error, whose time for briefs on the merits may
    also have expired pending a decision on a motion to dis-
    miss proceedings, should be accorded a like privilege and
    this is especially true, where sufficient time remains to
    commence proceedings in error within one year after the
    rendition of judgment.

ERROR to the District Court, Converse County, HON.
RALPH KIMBALL, Judge.

Heard on Motion to Dismiss

*S. E. Phelps,* for Defendant in Error for Motion to Strike
and Dismiss.

The motion filed by plaintiff in error for a new trial was
filed out of time and was ordered stricken by the trial court
for that reason. The statute requires such motions to be
filed within ten days after the report, verdict or decision is
rendered except for a cause of newly discovered evidence.
(Sec. 5872, Wyo. Comp. Stats. 1920.) This requirement is

mandatory. (Casteel v. State, 9 Wyo. 267; 62 Pac. 348; Boswell v. Bliler, 9 Wyo. 279; 62 Pac. 350; Todd v. Peterson, 13 Wyo. 513; 81 Pac. 878; Blonde v. Merriam, 21 Wyo. 519; 133 Pac. 1076.)

*Hagens & Murane* and *Floyd E. Pendell,* Opposing the Motion.

The motion for a new trial below was filed within the time; moreover the petition in error presents assignments of error based upon the record proper; the filing of the motion for a judgment in favor of defendants notwithstanding the verdict took the matter out of the ordinary rule, and the date of filing the motion for new trial should be computed as ten days after the decision of the trial court upon this motion; irrespective of this point the case is brought to the Supreme Court upon assignments of error appearing from the record proper, which may be considered without motion for a new trial or a bill of exceptions.

POTTER, C. J.

This cause is here on error, and has been submitted on two motions filed by defendant in error, the first, a motion filed on May 2, 1921, to strike the petition in error filed on April 1, 1921, and to dismiss the proceeding, and the second, a motion filed on June 7, 1921 to dismiss the proceeding in error for the failure of the plaintiffs in error to file and serve briefs. The first motion was heard on May 9, and had not been disposed of but remained under advisement at the time of the said filing of the second motion and its submission on June 14; said second motion having been submitted on that date by stipulation without briefs or oral argument.

The only ground stated in the first motion is that the motion for new trial in the court below was filed out of time, and, for that reason, was ordered to be stricken from the files by said court; it being intended thereby to challenge the right of the plaintiffs in error to a hearing in this court on the ground that there was no proper motion for a

new trial in the court below. And the question presented by counsel upon that motion was whether the motion for a new trial was filed within ten days after the verdict or decision was rendered, as required by statute, it being contended for the defendant in error upon the original papers sent here, which include a motion by the defendants below, plaintiffs in error here, for judgment notwithstanding the verdict, filed on October 25, 1920, and a motion for new trial filed by said defendants on November 5, 1920, that the last mentioned motion was filed out of time because not filed within ten days after verdict, which is shown by the record to have been returned and filed October 22, 1920, and counsel for plaintiffs in error contending that the motion was filed in time and improperly stricken from the files for the reason that it was filed within ten days after the decision disposing of the motion for judgment notwithstanding the verdict by the rendition of judgment on October 27, 1920. But it is unnecessary to consider that question. There is no bill of exceptions here, and, as often and uniformly decided, and required by our rules, a motion for a new trial, to be considered in a proceeding in error, must be embraced in a bill of exceptions, together with the fact that the motion was overruled and an exception was reserved to such ruling. The decisions are referred to and the rule is stated in the recently decided cases of Chatterton v. Bonelli, 196 Pac. 316, and Fitzpatrick v. Rogan, 197 Pac. 565. The said motion for a new trial would not, therefore, be properly in the record for consideration in a hearing of the case upon its merits, nor is it properly in the record for consideration of the question attempted to be presented by said motion to strike and dismiss.

That motion, however, must be denied for the reason that the petition in error contains assignments of error which may be considered upon the record proper without a bill of exceptions or a motion for a new trial. (Dobson v. Owens, 5 Wyo. 85; 37 Pac. 471; Bank of Chadron v. Anderson, 7 Wyo. 441; 53 Pac. 280.) The first four assignments of the

petition in error may be so considered. They assign as error, Frist: That the court erred in overruling the demurrer to the amended petition, challenging the sufficiency of the facts stated in said petition to constitute a cause of action, to which ruling the plaintiffs in error excepted at the time; and the record here shows the overruling of such a demurrer and an exception to the ruling. A motion for new trial is not necessary to preserve the exception to that ruling. (Perkins v. McDowell, 3 Wyo. 328; 23 Pac. 71; Dobson v. Owens, 5 Wyo. 85; 37 Pac. 471.) The second assignment is that the court erred in entering judgment for the plaintiff below, defendant in error here, and against the plaintiffs in error, which may, perhaps, also present the question of the sufficiency of the petition. The third and fourth assignments are that said amended petition does not state facts sufficient to constitute a cause of action against either of the plaintiffs in error.

No brief having been filed by either of the parties upon the second motion, we can state the question to be considered only by stating what seems to be presented, and that we undertsand to be a question not heretofore considered by this court, viz., whether, pending a decision upon a motion to dismiss, a plaintiff in error is excused from filing and serving his brief upon the merits within the time fixed by our rules, where such motion has been filed and submitted before the expiration of the time prescribed for such brief. The plaintiffs in error opposed the first motion by oral argument and brief, but did not apply for an extension of the time for their brief upon the merits, which would expire on May 31, 1921, unless extended, or unless the fact that the motion was pending and under advisement would suspend the operation of the rule, or, at least, avoid the penalty provided for not complying with it. And there was no order extending the time nor stipulation filed waiving a failure to comply with the rule.

Under conditions like those in this case, it has been held in one case in another state, the only decision upon the

question above stated coming to our attention, that the
fact that a motion to dismiss was pending and under ad-
visement was no excuse for the laches of an appellant in
failing to file his points and authorities within thirty days
after the filing of the transcript, no extension of the time
having been ordered or applied for, and that the respond-
ent was entitled to insist upon the right of dismissal under
the rule. (Headstrom v. Hellieson, 136 Cal. 498, 69 Pac.
148.) A like conclusion might, no doubt, be proper upon
a strict construction of our rule as to briefs, which would
result in sustaining the said second motion to dismiss, ex-
cept for a practice established in this court with reference
to the filing and serving of briefs of a defendant in error
under similar circumstances, the propriety of which has not
been questioned.

The same rule which fixes the time for filing and serv-
ing of briefs by a plaintiff in error, or by an appellant in
a case brought here by a direct appeal, provided also that
within 45 days after the expiration of the 60 days allowed
the plaintiff in error or the appellant to file and serve his
brief, the defendant in error, or the respondent in a direct
appeal, shall file with the clerk four copies of his brief, and
also within that period serve upon the opposite party or his
attorney one other copy of such brief. And the rule pre-
scribing the penalty for the failure of a plaintiff in error
or an appellant to file and serve his brief, viz., that the de-
fendant in error or the party holding the negative may
have the cause dismissed, or may submit it, with or without
oral argument, prescribes also the penalty for the failure
of the defendant in error or party holding the negative to
file and serve his brief, viz., that the plaintiff in error or
party holding the affirmative may submit the cause, with or
without oral argument, and the other party shall not be
heard.

But where, after the filing and serving of briefs by the
plaintiff in error, a motion to dismiss has been filed by de-
fendant in error, and, pending such motion, the defendant

in error has not filed or served his brief upon the merits, and the time therefor as fixed by the rule has expired at the time of a decision denying the motion, the court has adopted the practice of granting time from the date of said decision for the filing and serving of the brief of defendant in error, although no application for an extension of the time was made prior to the adverse decision upon the motion; it not appearing that the motion was frivolous or filed merely for the purpose of delay. See, Un. Pac. R. Co. v. Grace, 22 Wyo. 234, 137 Pac. 881; Reynolds v. Morton, 22 Wyo. 478, 144 Pac. 18; Nicholson v. State, 23 Wyo. 482, 153 Pac. 749; Boner v. Fall River County Bank, 25 Wyo. 260, 168 Pac. 726. And, upon application after the filing of such a motion, an extension of the time has occasionally been ordered to save the right of the defendant in error, or the respondent on appeal, during the pendency of the motion, allowing a reasonable time after a decision thereon, if the motion should be denied.

That practice seems to assume that the pendency of the motion is not only a sufficient ground ordinarily for extending the time, but sufficient also, under the conditions stated, to excuse the filing and serving of a brief by the defendant in error or respondent upon the merits until the motion is disposed of. Indeed, in Nicholson v. State, *supra,* where it was held that a defendant in error desiring to insist upon the right of dismissal, where the brief of plaintiff in error has been filed or served out of time, should be required to act without unreasonable delay in filing his motion, or be understood as waiving the objection, the court said: "A contrary application of the rule, by allowing an unlimited time to raise the objection, would.disregard the reason for requiring the filing and serving of briefs within a specified time, and would permit the defendant in error to postpone the time for filing his brief indefinitely." But that had reference only to an objection for failure to file and serve briefs in time, which, under our deci-

sions, is waived by recognizing a brief filed and served out of time or by applying for an extension of time to file an opposing brief. Un. Pac. R. Co. v. Grace, *supra.*

We do not think the difference in the situation where the plaintiff in error, or the appellant, has neglected to file or serve his brief upon the merits pending a motion to dismiss, at least when submitted and under advisement, as in this case, before and at the time of the expiration of the 60-day period, is such as would reasonably require or justify a different application of the rule from that where the neglect is by the defendant in error or the respondent under similar conditions.

There can, of course, be no objection to the filing and serving of briefs on the merits by a defendant in error or respondent on appeal, while his motion to dismiss is pending, and that is, perhaps, the more usual practice, except where the ground of the motion is for failure to file or serve briefs in time or at all, and it results, generally, in the submission of the cause upon the motion and the merits at the same time, thus aiding, no doubt, in the early disposition of the cause. Nor is there objection to the filing of briefs upon the merits by a plaintiff in error or an appellant, notwithstanding a motion is pending to dismiss his appellate proceeding. But, in view of the established practice of granting time to a defendant in error for briefs, after a decision disposing of his motion to dismiss in such a manner as to require him to file and serve a brief upon the merits if desiring to be heard, where the time for such brief would have expired unless excused by the fact that a motion to dismiss had been pending, we thing we ought not to deny the same right to a plaintiff in error whose time for briefs has expired during the pendency of a motion to dismiss his proceeding in error, of which he has received notice, and especially where it has been submitted before the expiration of his time for briefs prescribed by the rule, and remains under advisement; although we think the better practice would be for either of the parties to

apply for an extension of time as permitted by the rules. If the practice thus established shall be found to result to the detriment of the regular and orderly disposition of the business of the court or in delaying its reasonable dispatch, or in any other abuse, that can easily be corrected by a rule discontinuing or limiting the practice.

We think it should be held, therefore, that the plaintiff in error was excused, under the circumstances stated, from filing and serving his brief, and that time may now be granted for that purpose. And we are the more inclined to so hold in this case, for the reason that, as the record shows, the judgment complained of was rendered on October 27, 1920, so that if this proceeding should be dismissed upon the second motion, the plaintiff might institute a new proceeding in error within one year from said date, under the statute allowing a proceeding in error to be commenced within one year after the rendition of the judgment. (Comp. Stat. 1920, § 6384; Boner v. Fall River County Bank, *supra.*)

Each motion to dismiss will be denied, and the plaintiffs in error will be allowed 45 days from the date hereof, or until and including October 10, 1921, within which to file and serve their brief upon the merits, and the defendant in error 45 days thereafter to file and serve opposing briefs.

*Motions to Dismiss Denied.*

Blume, J., concurs. Kimball, J., did not sit.