# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 128

### OCTOBER TERM, A.D. 2023

#### December 29, 2023

ISMAEL RUIZ,

Appellant
(Defendant),

v.

S-23-0086

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
The Honorable Richard L. Lavery, Judge

*Representing Appellant:*
    *Pro se.*

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]   Ismael Ruiz appeals *pro se* from the district court's order dismissing for lack of jurisdiction his motion for a sentence reduction. Because the district court lacked jurisdiction, we are without jurisdiction, and dismiss this appeal.

## ISSUE

[¶2]   Did the district court err by ruling it did not have jurisdiction over Mr. Ruiz's motion to reduce his sentence?

## FACTS

[¶3]   Mr. Ruiz pleaded guilty in 2018 to aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i) (LexisNexis 2023) for severely beating his girlfriend. The district court sentenced him to serve seven to ten years in prison but suspended the prison term and placed him on supervised probation for five years. Mr. Ruiz did not appeal his conviction or sentence.

[¶4]   In April 2019, the State filed a petition to revoke Mr. Ruiz's probation. He admitted to violating his probation, and the district court imposed the original prison sentence. The court told Mr. Ruiz that, if he took "advantage of the programming that's available" in prison to address his "domestic violence problem," it "would be amenable to receiving a motion for sentence reduction from [him]" and would consider reducing his sentence. Mr. Ruiz appealed the probation revocation order. *Ruiz v. State,* 2020 WY 53, ¶ 1, 461 P.3d 1248, 1249 (Wyo. 2020). His attorney filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Mr. Ruiz filed a *pro se* brief, but the claims he presented "relate[d] to the validity of [his] conviction," which were not proper in an appeal of the probation revocation. *Id.,* ¶ 3, 461 P.3d at 1249. We permitted counsel to withdraw and affirmed the revocation order. *Id.,* ¶¶ 4-5, 461 P.3d at 1249. The district court received our mandate affirming the order on May 18, 2020.

[¶5]   Mr. Ruiz thereafter began a long campaign to have his sentence reduced and/or his conviction overturned. In August 2020, he filed a motion for a sentence reduction arguing that while in prison, he had worked at a job, completed several self-improvement programs, and had not been disciplined. He said he took "full responsibility for his actions," was motivated to "do the right thing" for his family members and had their full support. The district court ruled his sentence "remain[ed] appropriate" and denied his motion. He did not appeal the district court's denial order.

[¶6]   In 2021, Mr. Ruiz filed a motion to reinstate his probation and two motions for sentence reduction. He quoted the district court's statement at the probation revocation

hearing indicating it "would be amenable to receiving a motion for sentence reduction" from him if he performed well in prison. The district court denied his motions, again finding his sentence was appropriate.

[¶7]    Throughout 2022, Mr. Ruiz filed motions seeking a reduction of his sentence. The district court repeatedly dismissed the motions because they were untimely and it no longer had jurisdiction over the case. Mr. Ruiz did not appeal any of the district court's rulings until December 28, 2022, when he filed a *pro se* motion purporting to appeal the district court's dismissal of his December 12, 2022, motion to reduce his sentence.[1]

## DISCUSSION

[¶8]    Mr. Ruiz claims the district court erred by denying his motion for a sentence reduction. Specifically, he asserts the district court breached its contractual promise to reduce his sentence if he performed well in prison. The district court did not reach the merits of Mr. Ruiz's argument. Instead, it dismissed his motion for a sentence reduction for lack of subject matter jurisdiction because he did not file it in a timely manner under Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(b). The rule states in relevant part:

> A motion to reduce a sentence may be made . . . within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a . . . probation revocation.

[¶9]    A defendant's "failure to file a timely Rule 35(b) motion for sentence reduction deprives a district court of jurisdiction to consider it[.]" *Mitchell v. State*, 2020 WY 131,

---

[1] We ordered Mr. Ruiz to file his appellate brief by July 20, 2023, but we did not receive it until July 26, 2023. The State requests that we dismiss Mr. Ruiz's appeal for want of prosecution because he filed his brief six days late. *See* W.R.A.P. 7.06(b) (time for filing appellant's brief). W.R.A.P. 7.11(a) states "[i]f in any case the party holding the affirmative fails to file a brief within the time fixed by law or the rules herein, the case shall be dismissed on the ground of want of prosecution." Despite the mandatory language of Rule 7.11(a), we have held that the appellate court does not lose jurisdiction over an appeal when a party fails to file his brief on time. *McGinnis v. Beatty,* 27 Wyo. 287, 196 P. 311, 312 (1921) (citing *Reynolds v. Morton*, 22 Wyo. 478, 144 P. 18 (1914), and *Nicholson v. State*, 23 Wyo. 482, 153 P. 749 (1915)). This caselaw is consistent with W.R.A.P. 1.03(a), which states a party's failure to comply with any of the rules of appellate procedure or any court order, other than the deadline for filing a notice of appeal, "does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions[.] . . ." Given neither the district court nor this Court has jurisdiction over Mr. Ruiz's untimely motion to reduce his sentence, we need not consider whether it is appropriate to sanction him for want of prosecution because of his tardiness in filing his brief.

2

¶ 8, 473 P.3d 1255, 1258 (Wyo. 2020).  Subject matter jurisdiction is a question of law; consequently, we review de novo the question of whether a defendant's motion was timely. *Buckingham v. State,* 2023 WY 92, ¶ 6, 535 P.3d 887, 889 (Wyo. 2023) (citing *Mitchell,* ¶ 8, 473 P.3d at 1258, and *Shue v. State*, 2016 WY 15, ¶¶ 6, 8, 367 P.3d 645, 647 (Wyo. 2016)); *Hitz v. State,* 2014 WY 58, ¶ 8, 323 P.3d 1104, 1106 (Wyo. 2014) ("Whether subject matter jurisdiction exists is a question of law [which] this Court reviews *de novo.*" (citing *Kurtenbach v. State*, 2012 WY 162, ¶ 10, 290 P.3d 1101, 1104 (Wyo. 2012), and *Neidlinger v. State,* 2010 WY 54, ¶ 8, 230 P.3d 306, 308 (Wyo. 2010))).

[¶10]  Mr. Ruiz's one-year deadline for filing a motion for reduction of his sentence began on May 18, 2020, when the district court received this Court's mandate affirming the order revoking his probation.  W.R.Cr.P. 35(b).  *See also, Hurtado v. State,* 2023 WY 63, ¶ 6, 531 P.3d 306, 308 (Wyo. 2023) (under Rule 35(b), a motion for sentence reduction may be brought within one year after a mandate affirming the probation revocation is received by the district court).  Mr. Ruiz filed the motion to reduce his sentence on which this appeal is based on December 12, 2022, well beyond the one-year deadline.  The district court correctly concluded it lacked jurisdiction over the motion.  When the district court lacks jurisdiction over a defendant's motion to reduce his sentence, this Court is also "without jurisdiction to consider the appeal." *Gomez v. State,* 2013 WY 134, ¶ 9, 311 P.3d 621, 624 (Wyo. 2013).  Mr. Ruiz's appeal of the district court's order is, therefore, dismissed.