## BENITES *v.* HAMPTON.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted November 8, 1887. — Decided December 5, 1887.

There being no assignment of errors in the transcript annexed to the writ of error, no specification of errors in the brief, no statement presenting the questions involved, no reference to pages in the argument, and generally a non-compliance with the provisions of the statute and the rules of this court in these respects, the case is dismissed for those causes.

An assignment of errors on appeal from the District Court to the Supreme Court of a Territory cannot be accepted in this court as the equivalent of the assignment required by the statute.

THE case is stated in the opinion of the court.

*Mr. E. D. Hoge* for plaintiff in error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Section 997 of the Revised Statutes is in these words:

"There shall be annexed to and returned with any writ of error for the removal of a cause, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party."

Rule 8, § 1, of this court is as follows:

"The clerk of the court to which any writ of error may be directed shall make return of the same, by transmitting a true copy of the record, and of the assignment of errors, under his hand and the seal of the court."

Rule 21 requires printed briefs to be filed, and § 2 of that rule provides that the brief shall contain, "in the order here stated:

"(1) A concise abstract, or statement of the case, present-

ing succinctly the questions involved and the manner in which they are raised.

"(2) A specification of the errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged; and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the specification shall set out the part referred to *totidem verbis*, whether it be instructions given or instructions refused. When the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it.

"(3) A brief of the argument, exhibiting a clear statement of the points of law or fact to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point. When a statute of a State is cited, so much thereof as may be deemed necessary to the decision of the case shall be printed at length."

Sections 4 and 5 of the same rule are as follows:

"4. When there is no assignment of errors, as required by § 997 of the Revised Statutes, counsel will not be heard, except at the request of the court; and errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified.

"5. When, according to this rule, a plaintiff in error or an appellant is in default, the case may be dismissed on motion; and when a defendant in error or an appellee is in default, he will not be heard, except on consent of his adversary, and by request of the court."

This statute and these rules have been disregarded altogether in this case. No assignment of errors is found in the transcript annexed to and returned with the writ. The assignment of errors on the appeal from the District Court to the Supreme Court of the Territory cannot be accepted in this

court as the equivalent of the assignment required by the statute.

The brief contains no specification of errors such as is required by the rule, and there is no statement of the case presenting the questions involved, or the manner in which they are raised. In the argument there is no reference to the pages of the record relied on to support the points which are made. Not only is there a failure to quote the full substance of the evidence admitted or rejected, of which complaint is made, but even the .names of the several witnesses upon whose testimony the objections rest are- not mentioned. In short, to get at the matter which is complained of, we must hunt through what is called a " proposed statement on appeal and motion for a new trial," filling thirty pages of the record, with nothing in the brief to aid us in the search. This we are unwilling to do. In the present crowded state of our docket, we must insist on a reasonable compliance with the rules which have been adopted to facilitate the investigation of cases and help us in our work.

We therefore dismiss the case, under § 5 of Rule 21, for want of an assignment of errors and of a brief such as is required by the rules.

*Dismissed.*