### UNITED STATES v. POLLAK et al.

(District Court, N. D. California, First Division. January 10, 1916.)

#### No. 5584.

CRIMINAL LAW ☞1083—APPEAL AND ERROR—JURISDICTION OF LOWER COURT.
The allowance of a writ of error in a criminal case did not divest the District Court of jurisdiction and transfer the case to the Circuit Court of Appeals; and where the writ itself was not issued and filed within the six months allowed by statute, the District Court had jurisdiction to vacate an order staying proceedings and an order releasing defendants on bail.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2732; Dec. Dig. ☞1083.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Benjamin Pollak and others. On motion to vacate orders staying proceedings and admitting defendants to bail. Orders vacated, and defendants committed to custody.

John W. Preston, U. S. Atty., and A. A. Adams, Asst. U. S. Atty., both of San Francisco, Cal.

James W. Cochrane, of San Francisco, Cal., for defendants.

DOOLING, District Judge. On March 24, 1915, the defendants were duly convicted of the offense of using the mails in furtherance of a scheme to defraud, and on the 3d day of April, 1915, judgment of imprisonment was pronounced and entered upon such conviction. On June 21, 1915, the defendants presented a petition—

"for an order allowing them and each of them to prosecute a writ of error to the United States Circuit Court of Appeals for the Ninth Circuit under and according to the laws of the United States in that behalf made and provided, and that all further proceedings in this court be suspended, stayed and superseded until the determination of said writ of error by said Circuit Court of Appeals."

Upon the presentation of such petition the judge of this court on said June 21st made the following order:

"It is hereby ordered that a writ of error be and it is hereby allowed to have reviewed in the United States Circuit Court of Appeals for the Ninth Circuit the judgment heretofore rendered herein, and other matters and things in said petition and assignment of errors set forth, and that meanwhile all further proceedings in this court be suspended, stayed, and superseded until the determination of said writ of error by said Circuit Court of Appeals."

On the same day the defendants filed their assignment of errors and lodged with the clerk their proposed bill of exceptions. Nothing further has been done by them, and no writ of error has ever been sued out, or brought or filed, or even applied for by them. The time within which such writ could have been sued out, brought, and filed expired on October 3, 1915. The district attorney now moves that the order staying proceedings, and an order made by the court on April 6, 1915, that defendants be released upon bail, be vacated and set aside, and that defendants be committed to the custody of the marshal, and that the judgment entered on April 3, 1915, be enforced.

The defendants contend that the court is without jurisdiction to make the order applied for, for the reason, as claimed, that the order allowing the writ of error divested this court of all jurisdiction, and transferred the cause to the Circuit Court of Appeals. But this does not seem to be true. It is not the order allowing the writ, but the issuance and filing of the writ itself, that transfers the record and the cause from this court to the Circuit Court of Appeals.

"The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation * * * must be calculated accordingly." Brooks v. Norris, 11 How. 207, 13 L. Ed. 665.

The writ not having been issued and filed here within the six months provided for by the statute, this court has not lost jurisdiction, and the Circuit Court of Appeals has not acquired it. As it is too late now to issue or file the writ, it can never be heard or determined by the Circuit Court of Appeals.

The order staying proceedings herein, and the order releasing the defendants on bail pending the action of the Court of Appeals, are therefore vacated and set aside, and the defendants committed to the custody of the marshal for the enforcement of the judgment entered on April 3, 1915.