## HANSON v. C. B. & Q. R. R. COMPANY
### (No. 1072; Decided April 2, 1923; 213 Pac. 763)

APPEAL AND ERROR—SERVICE OF SPECIFICATIONS OF ERROR—JURISDICTION ON APPEAL—HARMLESS DELAY IN SERVING SPECIFICATIONS OF ERROR—DISMISSAL OF APPEAL.

1. Specifications of error, becoming part of the record under Comp. St. 1920, §6406, when filed in the District Court and certified and attached by the clerk, will not be stricken by the appellate court because not served on respondent in accordance with Section 6408.

2. Though no statute or court rule requires it, it is better practice for the record on appeal to show service of specifications of error on respondent.

3. Where there is no proof in the record of service of specifications of error on respondent, the burden of showing service is on appellant, when properly and timely challenged by respondent.

4. Where the record on appeal is accompanied by no proof of service of specifications of error, the proof to be presented on a proper and timely challenge of service should be sufficiently clear and definite to avoid necessity of the appellate court's determining a dispute concerning alleged verbal conversations or statements.

5. Though there is no service on respondent of specifications of error in the time provided by Comp. St. 1920, § 6408, yet no statute or court rule prescribing penalty for the failure, and such service not being essential to jurisdiction of the appellate court, appeal will not be dismissed for delay in the service which would not have caused a delay in the hearing on the merits, and had caused no injury or prejudice or inconvenience to respondent; appellant's brief, filed long before expiration of time therefor, showing the point relied on for reversal.

6. Denial, on the ground of no substantial loss or injury from the delay, of motion to dismiss appeal because specifications of errors were not served in the statutory time, will be·on terms that appellant pay costs of the motion, and that respondent have extension of time to file and serve brief. ·

.APPEAL from District Court, Sheridan County; HON. H. P. ILSLEY, Judge.

Action by Walter N. Hanson against the Chicago, Burlington & Quincy Railroad Company. From an adverse judgment, plaintiff appeals. Heard on motion to strike specifications of error and to dismiss appeal.

*Goddard & Clark* and *Charles A. Kutcher,* for the motion.

No service of specifications of error was made by appellant as required by statute (Secs. 6408-6409 C. S.) While perhaps not jurisdictional, the omission justifies a dismissal. (Hahn·v. Bank, 25 Wyo. 467; McGinnis v. Beatty, 196 Pac. 311; Coffee v. Harris, 197 Pac. 649.) Under similar statutes in other states such failure is held to be a ground for dismissal. (3 Enc. Pl. & Prac. 922; 3 C. J. 1328; 3 C. J. 1347; William Bros. Co. v. Kelly, 122 N. W. 646; Hanselman v. Adrion, 139 Mich. 546; Lyon v. Mauss, 31 Utah 283; Parker v. Dakers, 2 Wash. Tr. 362, 7 Pac. 862.)

*Metz, Sackett & Metz* and *Devaney & Edwards* and *W. W. Patterson,* contra.

· A notice of appeal is an assignment of error, as to the sustaining of the motion for a directed verdict and the order granting a directed verdict; it could not be construed otherwise. An order directing a verdict is not an appealable order. (Hahn v. Bank, 25 Wyo. 467-480.) In many states it is required that the specifications be contained in the appeal notice. (3 C. J. 1228.) A paper is determined by its contents, not its title. (3 C. J. 1328.) Even if a notice did not sufficiently set forth the assignment of error as to the directed verdict, it is sufficiently supplemented by the specifications and brief of appellant. (3 C. J. 1399.) Error

in directing a verdict may be reviewed without an assignment. (3 C. J. 1345.) Service of specifications of error was accepted after service of motion to dismiss, but, the specifications were actually served. There is no denial of service. Service at any time before the filing of the record is sufficient. Hahn v. Bank, supra; Coffee v. Harris, 197 Pac. 649, turned upon the failure to file appeal record. Other cases cited in support of the motion are not in point because they were decided under different statutes and relate to different circumstances. Failure to make such service is not jurisdictional. (Smith v. Wingard, 13 Pac. (Wash.) 903.) The penalty for failure of service is within the discretion of the appellate court. (Sec. 6408 C. S. 1920.) The rule announced in Jones v. C., B. & Q. R. R. Co., 23 Wyo. 148, that a liberal construction of the petition in error would sufficiently challenge the order directing the verdict, is applicable to this case. (5686 C. S. 1920.) It is of especial application where the error appears on the face of the record. Sutherland Pl. & Prac. Sec. 1805; Neppach v. Jones, 28 Ore. 286; 2 Enc. Proc. 316; Unitarian Society v. Houliston, 105 N. W. 66; Proctor v. Jeffrey, 144 Pac. 1192; Fleischner v. Bank, 36 Ore. 553.) The record may be amended by attaching specifications of error. (Skinner v. Lewis, 62 Pac. 523; Medynski v. Theiss, 59 Pac. (Ore.) 871; Palmer v. Allen, 18 N. M. 237; Smith v. Duff, 102 Pac. (Mont.) 982; Woodruff v. Douglas Co. (Ore.) 21 Pac. 49; Cameron v. County, (Ore.) 41 Pac. 160.) No prejudice is shown.

*Goddard & Clark* and *Charles A. Kutcher,* in reply.

Four essential steps are required by the statute, i. e., notice of appeal; filing of the record; service and filing of specifications of error; and filing record in the Supreme Court. The statute with reference to specifications of error is clear. (6408 C. S. 1920.) It is not a question of prejudice, but of compliance with the statute. Some prejudice or disadvantage always follows a failure to comply with

the statute. An extension of time is only granted on the showing of a good excuse. If a notice of appeal were sufficient to take the place of specifications of error the statute would have said so. The notice states that the appeal is from the whole judgment and it did not apprise respondent of the precise grounds for appeal. The notice and specifications of error are two separate steps, the latter having a distinct purpose. Error predicated on a directed verdict must be assigned. (3 C. J. 1338.) Hahn v. Bank, does not hold that specifications may be filed after the time fixed by statute. Such service is similar to the service of summons in a civil action, or in error, and if made out of time should be regarded as a nullity. (In re Big Laramie River, 23 Wyo. 75; Esselstyn v. Coal Co., 25 Wyo. 406.) The rule is similar to the rule limiting the time for filing a motion for new trial, which is mandatory. (Kent v. Upton, 3 Wyo. 43; McLaughlin v. Upton, 3 Wyo. 48; Boswell v. Bliler, 9 Wyo. 277; Casteel v. State, 9 Wyo. 267; Todd v. Peterson, 13 Wyo. 513.) The service is as essential as the filing, according to the statute. The authorities cited in opposition to the motion do not sustain respondent. An examination of them will show that they are based on different statutes and facts, from those involved in the present controversy. In support of the motion to dismiss we desire to submit the following additional authorities: (3 C. J. 1397; Pollock v. Johnson, 172 N. W. 62; Baskerville v. Thomas, 143 N. W. 371; San Pedro etc. v. Board, 99 Pac. 263; Collins v. City, 7 Pac. 857; Huber v. Fulking, 103 N. E. 853; State v. Freeman, 37 S. E. 206; Smith v. Smith, 25 S. E. 878; State v. Price, 15 S. E. 116.) Failure to file an assignment of error is ground for an affirmance of the judgment or decree, or for dismissal. (2 Pl. & Pr. 922.) The statute requires specifications of error to be served and filed,—one requirement being as important as the other.

*Devaney & Edwards, W. W. Patterson,* and *Metz, Sackett & Metz,* supplemental brief.

In the case of Baskerville v. Thomas, 143 N. W. 371, cited by respondent, the statute required errors to be specified in the brief, which differs from our statute. In this case the record shows the exceptions. The direct appeal statute prescribes no penalty of dismissal if the specifications are not made as required by statute. Palmer v. Allen, 18 N. M. 237, 135 Pac. 1173 is squarely in point in favor of appellant here. It is followed by three other New Mexico cases: (Armijo v. Abeytia, 5 N. M. 533, 25 Pac. 777; Sacramento Valley Irr. Co. v. Lee, (N. M.) 113 Pac. 834; Eagle Min. & Imp. Co. v. Lund (N. M.) 113 Pac. 840.) All of the cases cited by respondent are distinguishable from the case at bar.

POTTER, Chief Justice.

This cause is here on direct appeal for the review of a judgment of the District Court in Sheridan County, and it has been heard upon a motion filed in this court by the respondent to strike the appellant's specifications of error from the "files" and to dismiss the appeal. The ground stated in the motion is that the appellant has wholly failed to serve upon the respondent or either of his attorneys in the cause the specifications of error or a copy thereof, and attached to said motion are affidavits of the attorneys named as having represented the respondent in the District Court, each to the effect that there had been no service of the specifications of error or a copy thereof upon the affiant; one of said affidavits appearing to have been subscribed and sworn to on the 1st and the other on the 5th day of December, 1921. Attached also to the motion as filed in this court appears a notice signed by respondent's said attorneys, directed to the appellant and his attorneys, to the effect that on the 13th of December, 1921, "or as soon thereafter as counsel can be heard," there will be presented to the Supreme Court by the respondent a motion to dismiss the

appeal, and calling attention to the motion attached thereto, with the supporting affidavits aforesaid. Service of that motion was acknowledged and accepted on December 5, 1921, by a written endorsement thereon signed by the appellant's attorneys. The motion, with said attached notice, acceptance of service and supporting affidavits, was then filed in this court on December 7, 1921.

It further appears from a paper filed in this court on December 12, 1921, entitled "Acceptance of Service of Specifications of Error," that on December 6, 1921, service of copy of specifications of error was accepted in writing by respondent's attorneys; the date of such acceptance of service having been, as may be noticed, one day after the service of the notice of respondent's motion to dismiss and one day before said motion was filed in this court. The record as prepared and filed in the District Court was transmitted to this court and filed here on October 12, 1921, and contains, attached thereto as required by statute, specifications of error duly and separately authenticated by the clerk of the District Court, showing the filing thereof in said clerk's office on August 24, 1921, which was two days after the record was filed in said office, and, therefore, within the time provided by statute; said record appearing, by proper indorsement thereon, to have been filed in the office of the clerk of the District Court on August 22, 1921. It further appears that the required number of copies of the brief of appellant was filed in this court on October 20, 1921, together with a written acknowledgment of service of said brief upon respondent's attorneys dated October 18, 1921.

The procedure for bringing a cause to this court by so-called direct appeal for the review of a judgment or final order of a District Court is prescribed by statute substantially as follows, referring to Chapter 32, Laws of 1917, Chapter 15, Laws of 1919, Chapter 392, Compiled Statutes of 1920: The appeal must be taken by serving a notice in writing to that effect, signed by the appellant or his attorney, upon the opposing party or his attorney, within ten

days from the entry of the order or judgment appealed
from, and filing said notice with the clerk of the District
Court where the order or judgment appealed from is en-
tered, also "within said ten days." The appellant is al-
lowed "as a matter of right" seventy days after the entry
of the judgment or order appealed from "within which to
prepare and file with the clerk of the District Court a record
for the appeal," which time may be extended or enlarged
for cause shown by the court or the judge thereof. When-
ever the party appealing desires the review of the ruling of
the District Court on the admission or exclusion of evidence,
or questions the sufficiency of the evidence to sustain the
verdict, finding, judgment or decision, or alleges that the
verdict, finding, judgment or decision is contrary to law, he
shall cause to be prepared by the official court reporter a
complete transcript of the testimony offered at the trial, cer-
tified to by such reporter "as being true and correct, and
as containing all of the testimony offered at the trial, with
the rulings of the court in admitting or excluding evidence,
or in directing or refusing to direct a verdict for either
·party." Said transcript must be filed with the clerk of the
District Court within seventy days from the entry of the
order or judgment appealed from, "or within the time as
extended by the court or judge." (See Kendrick v. Healey,
26 Wyo. 261, 183 Pac. 37.) It is made the duty of the clerk
of the District Court to prepare the record on appeal in a
specified manner, the same to be certified to by said clerk
as true and correct, "and filed in his office," following
which it is provided that "the specifications of error, when
filed, shall be authenticated by the certificate of said clerk
and attached to the record by him and shall thereupon be-
come a part of the record." Specifications of error are pro-
vided for as follows:

"The appellant shall, within ten days after the record on
appeal is prepared and filed, serve upon the adverse party,
or his attorney, and file with the clerk of the District Court,
the specifications of error relied upon for a reversal of the

cause on appeal, which shall be consecutively numbered, and shall designate the page of the record on which the ruling, decision, finding, order, verdict or judgment complained of is to be found, and if error be assigned on the ruling of the court in admitting or rejecting evidence, the specifications of error shall designate the number of the question to which the ruling of court complained of, refers.'' (Comp. Stat. 1920, Sec. 6408.)

The next succeeding section (6409) prescribes the manner of serving the specifications as well as the notice of appeal, viz:

''The notice of appeal and specifications of error herein provided for may be served by the party intending to appeal by delivering copies thereof to either the opposing party or his counsel within the county where the judgment or order entered is appealed from, and in the event such personal service cannot be had within the county, the filing of an original and copy thereof with the clerk of the District Court of such county shall be deemed service of such papers.''

It is then provided in Section 6410 that within five days after the specifications of error are filed in his office, the clerk of the District Court shall notify in writing the district judge before whom the action was tried ''that the record on appeal in the case is perfected and on file in his office,'' and that ''it shall thereupon become the duty of such judge, within fifteen days after receiving such notice, to review the record on appeal and consider the specifications of error, and if such district judge shall determine that the party appealing is entitled to a new trial of the issue, he shall make and enter an order in the cause granting the party appealing a new trial, in which event the record shall remain with the clerk of the District Court for trial in said court unless the respondent shall appeal to the Supreme Court from the order'' granting the appellant a new trial, in which event the record as perfected shall constitute the record on appeal in the cause, with the addition

thereto of the order granting the new trial duly authenticated by the clerk of the District Court; the new appellant, that is to say, the one appealing from the order granting a new trial, being required to perfect his appeal by serving a notice thereof in writing on the opposite party. This court does not acquire jurisdiciton over a cause on such appeal until the record is filed with the clerk of this court. (C. S. 1920, Sec. 6411.)

The specifications are upon our files here only as a part of the record made up and authenticated in the court below and transmitted to this court in compliance with the statute; and since the statute requires that *when filed* in that court the specifications shall be authenticated and attached to the record, and thereby become a part of it, without providing for the filing of any proof of service, we think it clear that the fact, however established, that there was no service or insufficient service is not a good ground for striking from the record specifications of error appearing to have been filed within the time prescribed therefor, even if it should be conceded that any part of such a record may properly be stricken therefrom by this court because improperly included therein. The specifications as found in the record must be taken and considered for what is thereby shown, viz., so far as this case is concerned with relation to the question now before us, that the paper was duly filed. We cannot assent to respondent's contention that the filing of specifications, though within the time required by the statute, is a nullity in the absence of a proper and timely service thereof. Whether in such case the specifications may be considered for any purpose other than as showing a due filing thereof is another question, and the principal question to be determined in disposing of the motion to dismiss.

The case here, therefore, is not without specifications of error. The only suggested defect in the procedure, when the motion to dismiss was filed, was that there had been no service of the specifications and upon the hearing that the service on December 6, 1921, was a nullity because too late.

No express provision having been made by statute or rule of court for proof of service of the specifications it has been our practice, and properly so, we think, to assume the fact of service in the absence of objection to the service or that there was no service, where the record contains specifications of error appearing to have been filed, authenticated and attached to the record as required by the statute. For as previously held by this court, the filing of specifications of error is not jurisdictional, and the failure to comply with the statute in that respect may be waived. (Hahn v. Bank, 25 Wyo. 467, 171 Pac. 889; McGinnis v. Beatty, 27 Wyo. 287, 196 Pac. 311.) But we said in the case last cited that if it should appear in any case that no specifications had been filed, there would be nothing to consider, "and a dismissal would, we suppose, necessarily result, or, if found to be authorized by statute and proper under the circumstances, an affirmance of the judgment."

Nevertheless, as said also in the last cited case, the better practice would be for the record on appeal to show the fact of service of the specifications; and that case was decided and the opinion published several months prior to the time for filing and serving specifications in this case. And we think that the burden is upon the appellant to clearly show the fact of service, when it is properly and timely challenged by the respondent, where there is no proof thereof in the record.

There is some dispute in the affidavits filed in support of and in opposition to the motion to dismiss with reference to a conversation alleged by counsel for appellant to have occurred between one of the attorneys for respondents and one of appellant's attorneys, supposed by appellant's attorneys to have included an implied admission of a timely service of the specifications upon respondent's said counsel. But there is not a direct statement in any affidavit that there was actual service of such paper, nor would the supposed implication of a verbal admission of a prior service be sufficient to satisfy the burden resting upon the appellant. We

shall not, therefore, attempt to solve the dispute between counsel as to the fact of the alleged conversation or its effect if it did occur, further than to say that the fact of service prior to December 6, 1921, is not established to the court's satisfaction, and further, that where appellant's counsel has failed to file any proof of service to accompany the record when filed in this court, the proof presented here responding to a proper and timely challenge of service, should be sufficiently clear and definite to avoid the necessity of the court's determining a dispute concerning alleged verbal conversations or statements.

We shall therefore consider the question presented by the motion to dismiss upon the theory that there was in fact no service of the specifications prior to the acknowledged and accepted service of December 6, 1921. That was approximately three months after the time prescribed by the statute for such service, and it was also after the record had been filed here and after appellant's brief upon the merits had been served and filed, though before the expiration of the time allowed by rule for the filing and serving of such brief, as well as before the time had expired for the respondent's answering brief. The respondent had not, therefore, waived, and has not now waived its right to object to the failure to serve the specifications, since it has done nothing here except to file its said motion with supporting affidavits and briefs, and appear by counsel at the hearing and submission of the motion upon oral argument.

No penalty having been prescribed by the statute for a failure to file or serve specifications of error or for delay in filing or serving the same, and there being no rule of court on the subject, the situation is different from that presented by a statutory provision or court rule existing in many if not most of the states declaring the effect of such failure or delay on the part of an appellant, such, for example, as that the appeal shall or may be dismissed or the judgment affirmed or that appellant shall not be heard. And we are not materially aided in arriving at a conclusion upon the

question as presented here by decisions in other jurisdictions failing to disclose the provisions of the statute or rule held to be controlling. We shall not attempt, therefore, to distinguish any of the decisions cited or which have otherwise come to our attention showing a statute or rule prescribing what shall or may be the result in the case of a noncompliance with a provision for assigning or specifying errors, or omitting to state the provisions of the statute or rule. We will, however, call the attention of counsel to the fact that certain New Mexico decisions cited appear to have been based upon a statute providing substantially, that in default of serving or filing assignments of errors on or before a stated time, the appellate proceeding may be dismissed and the judgment affirmed unless good cause for the failure be shown, and also that said assignment of errors shall be copied into the brief of appellant or plaintiff in error. (New Mex. Anno. Stat. 1915, § 4490.) The last mentioned provision may, no doubt, be understood as explaining a cited decision of that state to the effect that where the assignment is copied into appellant's brief served upon appellee, service of a separate copy of the assignment is not necessary.

Before proceeding further with a statement of our conclusions respecting the statutory provision for serving specifications of error and the effect of a non-compliance therewith, we shall dispose of two points urged in argument by counsel for respondent; First, it is argued that whether the delay in serving specifications of error has caused inconvenience or prejudice to the respondent should not be taken into consideration any more than upon a motion to dismiss for failure or delay in filing briefs. But a motion to dismiss for noncompilance with the rule for filing or serving briefs is controlled by a court rule which expressly prescribes what may be the penalty for a failure or default in that respect; and yet this court has held, notwithstanding the rule prescribing such effect, that it has power to extend the time for filing and serving briefs of a plaintiff in error

after expiration of the time prescribed therefor and while such party is in default under the rule. (Fried v. Guiberson, 28 Wyo. 208, 201 Pac. 854; Phillips v. Brill, 15 Wyo. 521, 90 Pac. 443; Whiting v. Straup, id. 530, 90 Pac. 445.) The court said in one of the cited cases that the limitation in the rule "should be quite rigidly enforced, yet, in aid of the very purpose to accomplish which the rule was adopted, that of administering justice, the court should be held, upon proper showing, to have the power to grant a motion for extension, although filed after the expiration of the period within which the brief might have been regularly filed and served." The other point is that since a specification of errors stands in the place of a complaint in this court, a default in serving the same should be regarded as analogous to a default in serving a copy of a petition in a civil action upon the defendant together with the summons; counsel stating in that connection that such a default in a civil action in the District Court would be cause for quashing the summons and, thereupon, a dismissal of the action. Assuming, without deciding the question, that counsel's statement as to the effect of a default in serving a petition is correct, the situation following a default in serving specifications of error under our statute is not necessarily the same. The service of a copy of the petition in a civil action is to accompany the service of the summons, the process by which jurisdiction over the person of the defendant is secured, and an important act in commencing the action, which might perhaps be analogous to a requirement that a specification or assignment of errors shall be served with a notice of appeal. But such a service of specifications of error is not required by our statute, the jurisdictional procedure occurs under that statute before specifications of error are required to be either filed or served.

The purpose of our direct appeal statute was very well understood through prior discussion among members of the bar before its enactment by the legislature; and we think that its purpose is fairly disclosed by the provisions thereof.

It should be borne in mind that prior to the enactment of said statute, the only procedure for appellate review in this court was by proceeding in error, to be initiated by the filing of a petition in error setting forth the errors complained of, and filing a praecipe for and the issuance of a summons in error, and that in many cases brought to this court by such a proceeding it was necessary for the alleged errors to have been presented to the District Court by motion for a new trial, that such motion be overruled and exception reserved thereto, and for a bill of exceptions to be prepared, allowed and filed, and made a part of the record in this court. It is very clear from the several provisions of the direct appeal statute that it was intended thereby to shorten and simplify the procedure for reviewing cases in this court. The appeal is to be taken by merely serving and filing a notice of appeal within a limited time, the record is made up, without the necessity of a bill of exceptions, from the papers on file, the court reporter's transcript of the evidence when needed, and the several journal entries, and the presentation of alleged errors to the trial court by a motion for a new trial as a condition to their being heard in the appellate court is dispensed with. The intention of the statute was to aid rather than to interfere with the convenient and prompt administration of justice, and not to set a trap for a litigant or his counsel.

It was to be expected that mistakes would occasionally occur in commencing and perfecting the proceedings under the statute until the correct practice should become settled, and that some of such mistakes, particularly those relating to jurisdictional matters, might result in an order of dismissal. But while no provision of the statute was intended to be disregarded and all should be complied with, they do not all relate to jurisdictional matters, and a default in complying with others does not necessarily require a dismissal. And we think that a failure or unauthorized delay in serving specifications of error may not in all cases confer on the respondent a right to have the appeal dismissed,

though his right to make a motion to that effect cannot be questioned. Nor is it required that upon such a motion the court shall in all cases order the appeal to be dismissed, though the motion be timely made and without a waiver of the default. But the court may dismiss on that ground, and, no doubt, ought to do so where substantial injury or prejudice might otherwise result, or in case of a general or persistent disregard of the statute in that particular. In every such case the cause, extent and effect of the failure or delay should be considered, and such other facts as may be deemed proper as a guide to the exercise of judicial discretion in a matter of that kind. This view of the statute seems to us to be the only proper conclusion upon a reasonable interpretation of its provisions in the light of its evident purpose. We have not found and our attention has not been called to any other state statute sufficiently like our own to give the decisions thereunder a position as authority upon the question here, except as they may state general principles.

But the statute relating to appellate procedure in the Federal courts presents, with respect to an assignment or specification of errors, a situation making the decisions of such courts, especially the decisions of the Supreme Court, quite in point upon the question under our direct appeal statute.

The provisions of that statute are found in Sections 997 and 1012, U. S. Rev. Stat. Section 997 provides: "There shall be annexed to and returned with any writ of error for the removal of a cause, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party." Section 1012 provides that appeals from Circuit Courts and District Courts acting as Circuit Courts shall be subject to the same rules, regulations and restrictions as are or may be prescribed in law in cases of writs of error. Notwithstanding that Section 997 states without qualification that an assignment of errors shall be annexed to and returned with any writ of error, but without

declaring the effect of a non-compliance therewith, the U. S. Supreme Court provided, by its rule 21 "that the brief of plaintiff in error or appellant shall contain a specification of errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged, and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous," and that "when there is no assignment of errors, as required by Section 997, counsel will not be heard, except at the request of the court, and errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified." The court by that rule seems to have construed the statutory provision for assignment of errors as not jurisdictional, and as leaving the court with power to hear the cause in the absence of an assignment. And the decisions of the court are to that effect. Thus, in School Dist. v. Hall, 106 U. S. 428, 27 L. Ed. 237, Chief Justice Waite, speaking for the court, disposing of a motion to dismiss and affirm, said:

"A failure to annex to or return with a writ of error an assignment of errors, as required by Section 997 of the Revised Statutes, is no ground for dismissal for want of jurisdiction. If an assignment is filed in accordance with the requirements of Par. 4, Rule 21, it will ordinarily be enough. There is not in this case such a color of right to a dismissal as to make it proper for us to consider the motion to affirm."

In Gumbel v. Pitkin, 113 U. S. 545, 28 L. Ed. 1128, the court said: "The second ground (of a motion to dismiss) is met by the decision of this court in the case of School District of Ackley v. Hall, 106 U. S. 428." Mr. Chief Justice Fuller, in Farrar v. Churchill, 135 U. S. 609, 34 L. Ed. 246, delivering the opinion of the court, said:

"There is no assignment of errors annexed to the transcript of the record in this case, nor does the brief of counsel contain any specification of errors, such as is required

by our rule. We shall not in this instance decline to consider what we suppose to be the errors relied on, but we call attention to this disregard of the statute and the rule, in the hope that nothing more is needed to prevent its recurrence hereafter.''

In U. S. v. Pena, 175 U. S. 500, 44 L. E. 251, the court said: ''A third proposition is that no assignment of errors is annexed to the transcript, as required by Sections 997 and 1012 of the Revised Statutes. But this is not sufficient to compel a dismissal of the appeal. Paragraph 4 of Rule 21 of this court provides that the court may at its option notice a plain error not assigned.'' (Citing Sch. Dist. v. Hall, supra.) In Bohn v. Campbell, 205 U. S. 403, 51 L. Ed. 857, after stating the fact that the brief and oral argument had gone beyond the assignment of errors, the court said: ''In such cases alleged errors not stated in the assignment of errors filed with the petition for the writ, have sometimes been considered. The limit of this practice is accurately stated in the thirty-fifth rule of this court. There it is said that if errors are not assigned with the petition for the writ they will be disregarded, except that the court in its option may notice a plain error not assigned.'' In Columbia Heights R. Co. v. Rudolph, 217 U. S. 547, 54 L. Ed. 877, decided in 1910, the court said: ''This protracted litigation is now before us, unaccompanied by an assignment of errors.   *   *   *   The court has, however, not regarded itself as under any absolute obligation to dismiss a writ of error or appeal because of the non-assignment of errors as required by §§ 997 and 1012, Rev. Stat., having, by its rules, reserved the option to notice a plain error whether assigned or not.''

- That court has, however, declined to consider several cases in the absence of an assignment or specification of errors furnished in compliance with the statute or rule, though in some of the cases other reasons are also stated for the court's action. (Dugger v. Taylor, 121 U. S. 286, 30 L. Ed. 946; Benites v. Hampton, 123 U. S. 519, 31 L. Ed.

260; Stevens v. Barbour, 140 U. S. 48, 35 L. Ed. 338; Rowe v. Phillips, 152 U. S. 87, 38 L. Ed. 365.)  The decisions of said court above quoted from had reference to the entire absence of an assignment of errors from the record, or a failure to assign errors insisted upon.  Here the objection is, not that there is no specifications, or none properly filed, but that there was no service of the duly filed specifications or that the service was after the time prescribed therefor.  If a court would not be bound to dismiss an appeal or a writ of error for the entire absence of an assignment of errors provided for as in the Federal statute aforesaid, it would certainly not be bound to dismiss for a failure to serve an assignment or specification of errors required, by the same kind of statutory provision, especially where an assignment or specification was duly filed or furnished and included in the record.

The filing of specifications accomplishes every purpose required of an assignment or a specification of errors under the direct appeal statute, except that of conveying information to the opposite party; and while that is important and the statutory provisions for the service should be complied with, we think it is not of such paramount importance as to impose a duty upon the court to dismiss in every case of a non-compliance with the statute in that particular.  And we are unable to perceive in this case that any injury or prejudice to the respondent, or even inconvenience, had resulted or may result from the failure or neglect to serve the specifications within the time specified in the statute.  Appellant's brief on the merits was filed and served long before the expiration of the time fixed by our rules, showing the point or points relied on for a reversal, if not conveying information as to the errors assigned; and we think the brief is not specific in that respect.  It does, however, show that substantially but one error is relied on, viz: the action of the court in directing a verdict for the respondent.

Omitting any reference to disputed facts in the affidavits filed concerning the service of specifications, the failure to

make such service in the usual manner and with the usual proof within the time limited by the statute, appears to have been the result of inadvertence, after one unsuccessful visit at least to the office of one of the counsel for respondent for that purpose; respondent's said counsel not then being found in his office. And it is stated in one of the affidavits that within the said required period other visits were made to the said office of respondent's counsel for the purpose of making said service; and we think it may be assumed that appellant's counsel thereafter became engaged in other important matters, as they state, supposing that there had been proper service of the specifications in this case, until receiving notice of the motion to dismiss. But, however that may be, we cannot conceive it necessary, in order to protect any right of the respondent, to dismiss the appeal. No delay in a hearing on the merits would have been caused by the failure to serve the specifications within the statutory time, and there is nothing before us to show that the respondent has suffered any substantial loss or injury from said delay. We are, therefore, of the opinion that under the circumstances a dismissal of the appeal would not be justified and the motion will be denied. It should, however, be denied upon such reasonable terms as may be within our power to prescribe. The costs of the motion will therefore be ordered taxed against the appellant, and the respondent will be allowed 60 days from the date of the order denying the motion within which to file and serve its brief upon the merits.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.