## MILLER v. NEW YORK OIL CO.
(No. 1293; April 23, 1925; 235 Pac. 323)

APPEAL AND ERROR—EXTENSION OF TIME FOR FILING APPEAL RECORD
—DISTRICT COURT COMMISSIONERS—AUTHORITY OF SUBSTITUTE
JUDGE—NOTICE OF APPEAL—LIMITATION ONE YEAR FROM ENTRY OF
JUDGMENT—DISMISSAL.

1. In view of Const. art. 5, § 14, and Comp. St. 1920, § 1148,
district court commissioners have authority, under condi-
tions stated therein, to extend time for filing record on
appeal, since, under direct appeal statute, that power is
one which district judge may exercise in chambers.

2. It is to be presumed that district judge of another county,
who granted orders extending time for filing record on
appeal, was properly called in as allowed by statute; noth-
ing appearing to contrary.

3. That court, with regular district judge presiding, entered
orders for additional extensions of time, for filing record
on appeal, from date as previously extended by order of
court commissioner, *held* approval of latter's action, as-
suming approval is required to render orders conclusive.

4. Assuming that statutory limitation, of one year after ren-
dition of judgment, for proceeding to reverse, vacate, or
modify it, applies to proceedings under direct appeal stat-
ute, proceedings thereunder are commenced with filing and
service of notice of appeal.

5. In view of legislative history of statutory limitation, of
one year after rendition of judgment, for proceedings to
reverse, vacate, or modify it, and fact that prior to di-
rect appeal statute it applied only to error proceedings,
limitation *held* not to apply to direct appeal.

6. Where, pending decision on motion to dismiss, time for
filing of appellant's brief was extended 60 days, appellant
*held* entitled to order extending time to include 60 days
from and after disposition of motion.

APPEAL from District Court, Natrona County; ROBERT
R. ROSE, Judge.

Action by H. E. Miller against the New York Oil Com-
pany. There was judgment for plaintiff. Heard on mo-
tion to dismiss defendant's appeal. No briefs.

*M. F. Ryan,* for plaintiff and respondent.

*Winter & Winter,* for defendant and appellant.

POTTER, Chief Justice.

This cause has been heard on a motion to dismiss the appeal upon the stated ground that "the record for appeal was not prepared and filed with the Clerk of the District Court within the statutory time, or within a valid extension under statutory authority."

It appears that the appeal is taken from the final judgment rendered upon the trial of the cause, based upon written findings of fact and conclusions of law; that the judgment was rendered on November 9, 1923, and entered upon the journal under that date, as one of the days of the September, 1923, term, without anything to show a different date of entry; that the notice of appeal was dated and filed and served on November 17, 1923, and that the record on appeal was filed in the district court on December 11, 1924. It appears also that by several orders made and entered upon the journal, the statutory period of seventy days from and after the entry of the judgment appealed from, allowed as a matter of right, for preparing and filing the record on appeal in the district court, was extended from time to time until and including the date aforesaid upon which the record was filed. So, if the said orders extending the time were properly made, the record was filed in due time. It is contended, however, that two of said orders, appearing to have been made by the district court commissioner, were made without authority.

The first extension order was made within the statutory period by the district judge upon application in proper form, and showing as cause that it was impossible to obtain a transcript of the testimony within said statutory period, which was supported by the affidavit of the court reporter. And it may be said here that each subsequent application for extension was filed before the expiration of the time as extended, based upon the same cause and

supported by a like affidavit, and the order for additional extension in each instance was also made within the period as previously extended.

The contention is that the direct appeal statute authorizes the extension of such time only by order of the court or judge. That is the language of the statute; the pertinent words being ''which time may be by the court or the judge thereof, extended or enlarged for cause shown.'' But it is provided in the Constitution (Art. V, Sec. 14), that the legislature shall provide by law for the appointment by the several district courts of one or more district court commissioners in each organized county in which a district court is holden, and that ''such commissioners shall have authority to perform such chamber business in the absence of the district judge from the county or upon his written statement filed with the papers that it is improper for him to act, as may be prescribed by law, to take depositions and perform such other duties and receive such compensation as shall be prescribed by law.'' Pursuant thereto the legislature provided for the appointment of such commissioners and expressly (Comp. Stat. 1920, Sec. 1148), that among other stated powers they shall have power ''in respect to every suit or proceeding pending in the district court of the county for which he was appointed: ''1. to make any order which the district judge is authorized by law to make in chambers, if such judge is absent from the county for which such commissioner was appointed. 2 To make any order which the district judge is authorized by law to make in chambers, upon the written statement of said judge, filed with the papers, that he is disqualified in such case. It is also provided that all orders made by the district court commissioner shall be signed by the commissioner and entered at length upon the journal in the district court, and that the district court shall at each term review all orders made by and proceedings had before such commissioners during vacation, and

approve, disapprove, reverse or modify every such order or proceeding."

We think there can be no doubt that the authority conferred upon the district judge by the direct appeal statute to extend the time for preparing and filing the record on appeal may be exercised in chambers, and is so intended by the provision conferring the power upon "the court or the judge thereof;" and, therefore, we see no good reason for denying the right and authority of the commissioner, upon proper application and under the conditions stated in the constitution and statute, to grant such an order. It was said by this court in Coffee v. Harris, 27 Wyo. 494, 199 Pac. 931, disposing of a petition for rehearing, that no showing was made in that case that the motion was presented to a court commissioner, but, without deciding, because unnecessary, whether the commissioner would have authority to act; though it was added that it seemed to be the holding and constant practice in Wisconsin for a court commissioner to grant extensions of time, citing cases. In Hemstead v. Cargill, (Minn.) 48 N. W. 686, it was contended that an appeal from an order of condemnation commissioners had not been properly taken because the bond had not been approved by the district judge, but the court said:

"Assuming that it was essential to the acquiring of jurisdiction by the court that the requirement of the statute as to a bond be complied with, we are of opinion that this was done. The court commissioner, having the authority of a district judge at chambers, might discharge the official duties of the latter officer respecting such bonds."

It appears that two of the extension orders were granted by the court when the district judge of another district presided instead of the regular district judge. It is to be presumed, nothing appearing to the contrary, that such other district judge had been properly called in, as al-

'lowed by statute, to preside in conducting the business of the court, including this matter. It appears further that after the said extension orders of the district court commissioner, the court, with the regular district judge presiding, entered orders for additional extensions of time, in each instance from the date as previously extended, thus recognizing the validity of such previous extensions; thereby, we think, in effect at least, approving the action of the district court commissioner, if such approval might be held to be necessary as a condition to its acceptance here as a conclusive order.

An inquiry as to jurisdiction arose during the oral argument upon the hearing of this motion, in view of a provision of our statutes limiting the time for commencing a proceeding to reverse, vacate or modify a judgment or final order to ''one year after the rendition of the judgment, or the making of the final order complained of,'' with certain stated exceptions not material here, and in view also of the fact that this record on appeal was filed in the district court as well as in this court more than one year after the date of the rendition of the judgment. Judgment was rendered, as aforesaid, November 9, 1923. The record was filed in the district court on December 11, 1924, and in this court on January 13, 1925. But if that limitation statute might be held to apply to proceedings under the direct appeal statute, it would be necessary, we think, to hold that proceedings thereunder are commenced with the filing and service of the notice of appeal, which in all cases must be within ten days of the entry of the judgment or order appealed from. And that could seldom, if ever, it would seem, occur later than one year from the date of the ''rendition'' of such judgment. But in this case the notice was filed and served, so far as this record shows, within ten days of the date of said rendition, the entry, presumably, having occurred on the same day.

But that the limitation provision aforesaid applies to appeals under said so-called direct appeal statute may well be doubted. When that provision was originally enacted, it did not apply to cases in chancery, the practice wherein was regulated by provisions of the same code of civil procedure. See Comp. Stat. 1876, Ch. XIII, sections 522, 655, 700, 703. The code published in that compilation, adopted in 1873, instead of abolishing the distinctions between actions at law and suits in equity, and the forms of all such actions and suits, as now declared in the code, enacted in 1886, abolished only "the distinctions between *actions at law,* and the forms of all such actions;" and contained separate provisions for the practice in suits in equity. The provision aforesaid limiting to one year the time for commencing an appellate proceeding was then found in a chapter relating to error in civil cases as distinguished from suits in equity, and the only appellate proceeding then authorized for such civil cases was a proceeding in error. Such provision was found in section 522 of said code. By section 655 "the preceding provisions" thereof were declared to have no application in chancery cases or to practice in courts of equity, except certain specified sections, not including section 522. The proceeding for taking suits in equity to the appellate court, under that code, was "appeal," to be taken within thirty days from the date of the rendition of the decree or the making of the final order, by the filing of a notice in writing of such appeal, and causing a minute thereof to be made upon the appearance docket; and thereafter, within six months, to file in the office of the clerk of the supreme court a certified transcript of the proceedings. (Sec. 703.)

The present statute, enacted in 1917, providing for a so-called "direct appeal" as a "separate and independent" method of appeal from district court to supreme court, fixes the time not only for filing and serving a notice of appeal, which, by its provisions, must be filed within ten days after the entry of the judgment or order appealed

from, and for preparing and filing the record on appeal, and the reporter's transcript of the testimony, each of which must be filed within seventy days after the entry of said judgment or order, unless extended for good cause shown by the court or judge, but it also provides for the filing and serving of specifications of error within ten days after the filing of the record on appeal in the district court, and that, within five days after said specifications are filed, the clerk shall notify the district judge in writing that the record has been perfected and filed, that the judge, within fifteen days after receiving such notice, shall review the record and consider the specifications of error, to determine whether the appellant is entitled to a new trial, and that, unless the judge order a new trial within twenty days from the date of the filing of the specifications of error, "the clerk shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error." It would seem that these provisions fixing the time for the doing of every required act to commence and perfect the appeal, and providing for a forthwith transmission thereafter of the record to this court, must be considered as removing an appeal so provided for from the application of the older provision limiting the period for a proceeding to reverse, vacate or modify a judgment or final order, which, at no time prior to the enactment of the direct appeal statute, had applied to any other than a proceeding in error.

Upon the reenactment of the code in 1886, with its provision abolishing all distinctions between suits and the forms thereof in equity as well as in actions at law, it was left with provision for but one proceeding,—a proceeding in error,—to reverse, vacate or modify a judgment or final order of a district court; and originally, the limitation period for that proceeding was three years, subsequently reduced to two years, and finally to one year, as now provided. The period of that limitation dates from the rendition of the judgment, whereas the time for the several jur-

isdictional proceedings in the direct appeal statute is fixed with reference to the date of the "entry" of the judgment or order.

We are therefore of the opinion that said one year limitation does not affect a proceeding brought under said direct appeal statute. But even if it might apply to such a proceeding, the proceedings in this case are shown to have been commenced by the filing of a notice of appeal well within the period of limitation thereby prescribed. It may be said further that said one year limitation is qualified by a provision in the same section authorizing the district judge to extend the one year period not exceeding eighteen months. And if necessary, upon the theory that such limitation is applicable to a direct appeal, it might be held, perhaps, that the several orders of extensions in this case might amount to an extension of the limitation period. To go that far, however, is not necessary. The motion to dismiss will be denied. It appears that pending the decision upon the motion, the time for the filing of appellant's brief was extended for sixty days, expiring May 13, 1925. An order will be now entered further extending that time so as to include sixty days from and after the date of this disposition of the motion, which would be the right of plaintiff in error under the circumstances without an order. Ryan v. Snyder, 27 Wyo. 512, 200 Pac. 105.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.