### GENERO v. ROACH
(No. 1552; Sept. 5, 1928; 270 Pac. 152)

*Dillon, Ellery & Spencer,* for plaintiff.

*W. O. Wilson,* Attorney General, and *R. J. Jackson,* Special Assistant Attorney General, for defendant.

42

BLUME, Chief Justice.

This is a proceeding on *habeas corpus* brought by Pete Genero against the warden of the State Penitentiary of Wyoming. The petitioner was duly convicted of a felony in the District Court of Fremont County, Wyoming, on June 3, 1927. Notice of appeal was duly given and the District Court suspended the sentence and admitted the petitioner to bail. On October 21, 1927, the record on appeal was filed in the cause, but that was not followed by a filing of the specifications of error within ten days thereafter, as required by law, and the record on appeal was not then transmitted to this court. Nothing further was done in the case until July 7, 1928, when the District Court of Fremont County entered an order putting the original judgment and sentence into force and effect, giving as the reason that the time for appeal to the Supreme Court of this state had long since expired and that no proceedings on appeal had been instituted in this court. A mittimus was thereupon issued and the petitioner was taken to the state penitentiary at Rawlins. Thereupon, on July 14, 1928, the petitioner, through his attorney, filed his specifications in error and the record on appeal was transmitted and filed in this court on August 8, 1928. Subsequently this proceeding on *habeas corpus* was instituted, and it is contended, and the only point argued is, that the court was wholly without jurisdiction to enter the order of July 7, 1928, putting the original judgment and sentence into force and effect. It is argued that, under the holding of this court in Hanson v. CB&Q. R. Co., 29 Wyo. 421, 213 Pac. 763, the filing of the specifications in error is not a jurisdictional requisite in taking an appeal in a case; that since the petitioner had complied with all such prerequisites in taking his appeal, the District Court had no power whatever to make any order in the case, but that this court only had power to make any order therein thereafter. We fail to see, however, how this court would acquire any jurisdiction to make any order in the case until after the transmis-

sion and filing of the record on appeal in this court, for it is specifically provided by Section 6411, Wyo. C. S. 1920, that:

"The Supreme Court shall not acquire jurisdiction over the cause until the record on appeal is filed with the clerk of said court."

If counsel are correct in their contention that the District Court has no power whatever, under circumstances as existing in this case, to enforce the sentence passed upon a defendant, it might well happen that upon taking an appeal, filing the record on appeal in the District Court, and then proceeding no further, he might be left at large for an indefinite period of time, or perhaps permanently. We do not think that any such result is contemplated by the laws relating to a direct appeal. Simply because specifications of error are not jurisdictional is no reason for saying that this court acquires jurisdiction until the record on appeal is duly filed in this court as provided by statute. Payment of fees, for instance, is not a jurisdictional requisite, and yet it can hardly be held that jurisdiction in a case would be acquired, though the fees were never paid and the records, accordingly, were never filed. See Brooks v. Norris, 11 How. 207, 13 L. Ed. 665.

It has been held that a court has inherent jurisdiction after passing sentence of imprisonment to suspend sentence, at least for a limited time. People v. Goodrich, 149 N. Y. S. 406; People v. Monroe County Court, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856; Weber v. State, 58 Oh. St. 616, 51 N. E. 116, 41 L. R. A. 472. In Re Hinson, 156 N. C. 250, 72 S. E. 310, 36 L. R. A. (N. S.) 352. And this power is expressly given by Section 6414, Wyo. C. S. 1920, when an appeal is taken. And it is held that a court, having power to make an order suspending the execution of its judgment in a criminal case, necessarily, upon violation of such order, has the power to revoke the same and to enforce the original judgment by commitment. 16 C. J. 1335.

The authorities so holding have laid down this principle, it is true, in cases somewhat different than that in the case at bar, but we see no reason why the principle should not be applicable here. In the case of *Ex Parte* Lujan, 18 N. M. 316, 137 Pac. 588, the court said:

"If it be conceded that the court had the power to make the order suspending the execution of the judgment, it would follow necessarily that, upon violation of the order, the court would have the right to revoke the order and commit the defendant."

In the case of Killough v. State, 6 Ok. Cr. 311, 118 Pac. 620, the court said:

"Where the defendant fails to make and serve a case made or transcript within the time allowed by the statute, or within such extended time as may be allowed by the trial court or judge thereof, or where he fails to file a petition in error in the criminal court of appeals within the time fixed by the court, he thereby waives his right to have execution of the judgment stayed pending the perfecting of his appeal, and any bail bond given ceases to be effective as a supersedeas. Upon a failure to comply with such orders of the court it is the duty of the trial court to have its judgment carried into execution."

In the case of United States v. Pollack, 230 Fed. 532, it was held that the District Court of the United States had jurisdiction to make an order putting an original judgment and sentence into force and effect if the defendant fails to comply with the law providing for the taking of an appeal. In that case, it is true, the time for taking an appeal had expired, and in Oklahoma the court fixes the time within which the petition in error must be filed in the Appellate Court. Still, we think that these cases clearly illustrate the fact that the trial court does not entirely lose jurisdiction of a case and has the right to put the original sentence into force and effect in case the defendant fails to comply with the law or rules of

the court relating to appeals, prior to the time that this court acquires jurisdiction therein. We think that when the District Court makes an order suspending execution in a criminal case, in which the defendant undertakes to appeal to this court, and permits the defendant to give bail, that this is done upon the implied condition that the defendant must reasonably comply with the provisions relating to an appeal to, or a proceeding in error in, this court, and that when the law relating thereto is clearly violated, as in this case, the court, prior to the time that this court acquires jurisdiction, has power to revoke its order suspending the execution of the judgment and carry the sentence passed upon the defendant into force and effect, and any bail given in the case must necessarily fall with it. For this reason, at least, the action of the trial court was right. We need not, accordingly, decide as to what effect such action has on an appeal or proceeding in error which may ultimately be taken, nor need we decide whether the reason given by the trial court herein for entering its judgment of July 7, 1928, is sound. The writ of *habeas corpus* heretofore issued herein is accordingly discharged.

KIMBALL and RINER, JJ., concur.