## STATE v. GENERO

(No. 1549; October 23, 1928; 271 Pac. 17)

*W. O. Wilson,* Attorney General, and *Richard J. Jackson,* Special Assistant Attorney General, for the motion.

*C. J. Christie* and *John Dillon, contra.*

KIMBALL, Justice.

The Attorney General moves to strike from the record the specifications of error and dismiss the appeal. The defendant on June 3, 1927, was sentenced pursuant to the verdict of a jury finding him guilty of a felony under

Chapter 28 of the laws of 1927. He gave notice of appeal, and was released on bail pending the appeal. By orders of the court or judge the time for filing the record on appeal was extended until October 21, 1927, and the record was filed on that day with the clerk of the District Court. Nothing further was done in the case until July 6, 1928, more than 13 months after the entry of the judgment, when the county and prosecuting attorney moved that the defendant, then at large on bail, be apprehended and required to show cause why the judgment should not be carried into effect. Thereafter, on July 7, 1928, the District Court entered an order putting the judgment into effect, and a *mittimus* was issued on which the defendant was taken to the penitentiary where he is now serving his sentence. Those proceedings for defendant's commitment were before us in Genero v. Roach, 270 Pac. 152, on an application for a writ of *habeas corpus* which was denied. It was not until July 14, 1928, that the defendant filed and served his specifications of error. In due course thereafter the record on appeal reached this court August 8, 1928.

The statutes regulating appeals to this court require that the record on appeal be filed in the District Court seventy days after the entry of the judgment, unless that time be extended by the court or judge for cause shown. Sec. 6404, C. S. 1920. After that record is filed, the appellant has ten days within which to serve and file his specifications of error. Sec. 6408. The specifications of error, when filed, are authenticated by the certificate of the clerk, and by him attached to the record of which they then become a part. Sec. 6406. Within five days after the specifications of error are filed, the clerk notifies the judge that the record on appeal is perfected and on file, and then follow other steps that finally result in the filing of the record in this court. Sec. 6410.

We have held that the service of specifications of error is not jurisdictional. McGinnis v. Beatty, 27 Wyo. 287, 294, 196 Pac. 311; Hanson v. C. B. & Q. Ry. Co., 29 Wyo. 421, 213 Pac. 763. Also, that the failure of the record to show a separate authentication of the specifications of error is not a jurisdictional defect. McClintock v. Ayers, 34 Wyo. 476, 483, 245 Pac. 298. It was said in Hanson v. C. B. & Q. Ry. Co., (29 Wyo. at p. 430, 213 Pac. 765) that it had previously been held by this court that the filing of specifications in error is not jurisdictional, and the failure to comply with the statute in that respect may be waived. It seems, however, that in that case, as well as in all other cases wherein our attention has been called to some alleged defect in regard to the specifications of error, the specifications were in fact filed in time, and the question of the effect of a failure to comply with the statute in that respect, ought, perhaps, to be considered an open question. If it be an open question, we need not decide it in this case, for, whether or not the failure to file in time the specifications of error is a jurisdictional defect, we are of the opinion that it may properly be made the ground of a motion to dismiss, and that, in the circumstances of the case at bar, it is a sufficient ground for sustaining the motion.

The defendant, in resisting the motion, relies solely on Hanson v. C. B. & Q. Ry. Co., supra. In that case we discussed at length the effect of a failure or delay in serving specifications in error. The right of the respondent to move for a dismissal on that ground was conceded, and while we held that the court was not in all cases required to sustain the motion though timely made without waiver of the default, we said:

"But the court may dismiss on that ground, and, no doubt, ought to do so where substantial injury or prejudice might otherwise result, * * *. In every such case the cause, extent and effect of the failure or delay should

be considered, and such other facts as may be deemed proper as a guide to the exercise of judicial discretion in a matter of that kind.''

In Miller v. New York Oil Co., 32 Wyo. 483, 235 Pac. 323, we held that, if the statute limiting the time for commencing a proceeding in error might be held to apply to proceedings under the direct appeal statute, it would be necessary to hold that the appeal proceedings were commenced with the filing and service of the notice of appeal. In announcing that conclusion we called attention (32 Wyo. 488-489, 235 Pac. 325) to the fact that the direct appeal statute fixes the time for the doing of every required act to commence and perfect the appeal. One of the purposes of these limitations was to compel the diligent prosecution of appeals. Coffee v. Harris, 27 Wyo. 494, 498, 199 Pac. 931.

The filing of the specifications of error is one of the acts required in the orderly process of perfecting the appeal. A failure to file them interrupts and delays the proceeding. In the case at bar, the filing was delayed nine and one-half months, with the result that the appeal was not docketed in this court until fourteen months after the verdict and judgment. For a large part of the time of this delay, the defendant has been allowed to be at liberty under bail.

If we assume that the rule of the Hanson case applied to the case at bar would authorize us to exercise a judicial discretion in deciding whether or not an appeal should be dismissed on the ground that the specifications of error were not filed within the statutory time, we would feel, in consideration of the cause, extent and effect of the delay in the present case, that the appeal ought to be dismissed.

The only excuse for the delay in filing the specifications of error is that appearing from an affidavit of the attorney who represented the defendant at the trial and in taking the appeal. The affidavit recites that the attorney, on discovering on October 21, 1927, that no copy of the judgment had been served on defendant or his attorney as required

by Chapter 122, Laws of 1925, called the attention of the county and prosecuting attorney to the omission, and that it was then understood and agreed by and between the two attorneys, that such a notice would be served and the record corrected to show it, and that, upon the service of said notice, the record would be withdrawn and again filed in order to comply with the statute. The county and prosecuting attorney has filed an affidavit in which he denies there was an agreement as alleged by defendant's attorney. We do not feel called on to decide who is mistaken as to the fact of the agreement. We think the affidavit of defendant's attorney shows no sufficient excuse for the long delay in filing the specifications in error. The statute mentioned in the affidavit reads as follows:

"All District Judges of the District Courts within the State of Wyoming, are hereby required to serve or cause to be served upon the respective parties or their attorneys of record, a copy of all orders and judgments signed by them, whether said orders are signed within or without their respective districts."

The statute says nothing about the effect of a failure to comply with it, and there may be good reasons for holding that it ought to be construed as merely directory. Whether it be directory or mandatory is not material in the case at bar. The judgment was pronounced in open court in the presence of defendant. His attorney on the same day asked that bail pending appeal be fixed, and three days later served and filed the statutory notice of appeal. If the statute had any possible application to this case, the defendant was not prejudiced by a failure to comply with it, and we think his attorney had no right to suppose that the alleged agreement with the county and prosecuting attorney furnished any excuse for failing to serve and file specifications of error.

*The motion to dismiss will be granted.*

BLUME, Ch. J., and RINER, J., concur.